GEORGE SINCLAIR, Landlord, *v.* PHILIP BYRNE, Tenant. █

Municipal Court of the City of New York, Borough of The Bronx, October 28, 1948.

*Milo O. Bennett* for landlord.

*Philip Byrne,* tenant in person.

*Nathan W. Math* and *E. Allan Jacobs* for Temporary City Housing Rent Commission, *amicus curiæ.*

LORETO, J. By this proceeding the landlord seeks to recover possession of the first floor apartment of a two-family dwelling.

The petition alleges:

" VI. That said landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market, and such housing accommodations shall not thereafter be offered for rent as such, pursuant to said Section 209 (a) (5) of said Act.

" VII. That prior to the commencement of this proceeding, and on the 24th day of June, 1948, without conceding the validity of the law or necessity for complying with the requirements thereof, said landlord served upon and filed with the Temporary City Housing Rent Commission, under Local Law (1947) 66 of the City of New York, his application for a certificate of eviction respecting said tenant and premises on the sole ground set forth in Paragraph ' VI ' hereof and that, on the 29th day of July, 1948, said application was denied solely on the ground that it was not based on any one of the grounds set forth in said Local Law for the issuance of such certificates."

The attorney for the landlord has taken the firm stand that insofar as the local law may be deemed applicable to this situation, it is unconstitutional. Since he seriously proposed to raise squarely, as the sole determinative point of this summary proceeding, the question of the constitutionality of the local law in the light of the new Federal Housing and Rent Act of 1947, as amended in 1948, effective April 1, 1948 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*), the attorney for the temporary city housing rent commission was invited by the court to appear herein as *amicus curiæ,* and he has so appeared.

The landlord's proof on the alleged ground of eviction consists solely in his statement practically verbatim of the foregoing quoted paragraph VI of his petition. On his attorney's interrogation, he added that he desires the tenant's apartment for himself because he intends to marry.

The tenant, appearing in person offered no testimony to controvert this proof of the landlord. However, the tenant denied receipt of the sixty-day written notice terminating the tenancy. The court finds that such notice was duly served.

The question therefore presented by this proceeding in view of paragraph VII of the petition is whether the landlord is required to obtain a certificate under the local laws authorizing its institution before he may proceed.

The landlord's attorney contends that in a proceeding under paragraph (5) of subdivision (a) of section 209 of the Federal Housing and Rent Act of 1947, as amd., the Local Law No. 66 of 1947 of the City of New York and the rules issued thereunder by the temporary city housing rent commission are inapplicable, and if applicable, are unconstitutional. His point is that the Federal law has pre-empted the field of legislation where the basis of the eviction is the landlord's intent to withdraw the housing accommodations from the rental market, and moreover, that there is no local law covering such a ground for eviction. He urges that the local law in failing to give the landlord a right comparable to that given by the Federal act permitting a landlord to withdraw property from the rental market conflicts with and, therefore, must defer to the supreme law of the land; and that the omission in the local law to provide against compulsory renting violates the Constitution of the United States in that it impresses an involuntary servitude upon a citizen proscribed by its Thirteenth Amendment. He cites the early famous cases of *McCullough* v. *State of Maryland* (4 Wheat. [U. S.] 316), *Gibbons* v. *Ogden* (9 Wheat. [U. S.] 1) and the recent case of *Matter of Tartaglia* v. *McLaughlin* (297 N. Y. 419) as controlling authorities for the holding that where State laws conflict with the laws of Congress, depriving a citizen of a right to which the latter entitles him, the former must yield.

He further points out that this ground for eviction is not contained in the Housing and Rent Act of 1947 (prior to the amendment made in 1948); that the Local Law No. 66 of 1947 thereafter enacted specified only instances mentioned in the Federal act for the issuance by the temporary city housing rent commission of a certificate authorizing the institution of summary

proceedings; that the new paragraph (5) of subdivision (a) of section 209 and ground for eviction contained in the Federal act of 1948, is not covered by the local law; that there has been no amendment of the local law to include this added ground for eviction; and that, therefore, the contention of the city rent commission to the effect that the landlord may not institute this proceeding unless he first obtains a certificate from that body is an unwarranted invasion of an absolute right conferred upon the landlord by the new Federal act.

There appears to be much merit to the landlord's position and argument. However, it has been recently overruled when presented in a similar situation (*Matter of Recknagel* v. *Finkelstein*, 193 Misc. 31). There the petitioner landlord sought an order directing the issuance of a certificate. As owner of a two-family dwelling, he desired to discontinue the janitorial and other service rendered by the tenant and the city rent commission refused to grant him a certificate permitting withdrawal of the apartment from the rental market. The arguments presented here were advanced in that case and in dismissing the petition, the court stated: " * * * It is my view that there is no conflict between Local Laws Nos. 66 and 12, as amended, and the Federal Housing Act of 1947, as amended. The courts of this State have repeatedly approved and sanctioned restrictions imposed by the local rent laws upon landlords which do not appear in the Federal law (*Matter of Wallach* v. *Ross*, 273 App. Div. 1021; *Matter of Tartaglia*, 297 N. Y. 419). The failure of the local laws to provide for the issuance of a certificate upon the ground requested by the petitioner is not contrary or in conflict with the letter or policy of the Federal enactment, particularly so where Congress has failed to pre-empt the field of rent control. * * *"

Notwithstanding the earnest desire of the landlord to obtain a ruling here declaring the local law invalid or ineffective insofar as a proceeding under paragraph (5) of subdivision (a) of section 209 of the Federal act is concerned, the court does not consider this a proper test case of this point because of the landlord's admission to the effect that he desires possession of the tenant's apartment for his personal use and occupancy.

Although, in a sense it is true that, when a landlord occupies his own property, it is not rented and it is thereby withdrawn from the rental market, such a situation may not be considered an instance where the landlord has withdrawn the premises from the rental market within the intendment of the act.

Of the several enumerated grounds specified in the act authorizing eviction, one is where the landlord seeks to recover possession of the premises for his own personal use. This is perhaps the most often used ground. It is set forth in paragraph (2) of subdivision (a) of section 209, which provides for eviction of tenants where "(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family * * *."

Paragraph (5) of subdivision (a) of this section, upon which this proceeding is founded, permits an eviction where "(5) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market, and such housing accommodations shall not thereafter be offered for rent as such * * *."

Undoubtedly, in a limited sense when a landlord desires the premises for his own use, he withdraws them from the rental market. Such a case is not within the scope or purview of paragraph (5); otherwise, there would·be no purpose for the inclusion of paragraph (2) in the law. The inclusion in the act of 1948 of paragraph (5) not found in the act of 1947, which also sets forth the personal use ground for eviction, confirms the view that withdrawal of premises from the rental market in a sense other than personal use was contemplated thereby by the Congress. As to what facts might constitute a withdrawal of housing accommodations from the rental market within the meaning and purview of the Federal statute, this court need not state. Suffice it to say that the facts here shown do not make out such a case.

·Here the landlord clearly desires the tenant's apartment only for personal use. There is no basis for concluding otherwise in the light of his own testimony and the absence of any evidence to indicate what he proposes to do with the other apartment of this dwelling occupied by another tenant.

This court is óf the opinion that the local legislation insofar as it regulates evictions sought on the ground of personal use comes within the permissible local legislation concurrent with and supplementary to the Federal law, is not in conflict with the latter, nor in a field of action pre-empted by the Congress. (*Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419, *supra.*)

The local law requires the landlord to obtain a certificate from the city commission in such a case before instituting an eviction proceeding. The landlord has·not succeeded in obtaining a certificate from that body. This court may not review its determination.

The petition is therefore dismissed.