**WOODS v. DURR.**

No. 9811.

United States Court of Appeals
Third Circuit.

Argued Oct. 18, 1948.

Decided Nov. 8, 1948.

Cecil H. Lichliter, of Washington, D. C., for appellant.

J. H. Thayer Martin, of Newark, N. J., for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, who as Housing Expediter is in charge of rent control under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., brought the present action in the United States District Court for the District of New Jersey against the defendant, who is the owner of certain premises used as housing accommodations at 74 Murray Street, in the City of Newark in the Northeastern New Jersey Defense-Rental Area. The plaintiff sought an injunction to restrain the defendant from prosecuting in the state courts of·New Jersey an eviction proceeding against the tenant of the housing accommodations in question.

It appears that the defendant had given notice to her tenant to vacate because possession was "required for the immediate purpose of permanently withdrawing said premises from the rental market, as provided in Section 209(a) (5) of the Housing and Rent Act of 1947, as amended by Section 204(d) of the Housing and Rent Act of 1948, approved March 30, 1948, which

substitutes a new Section 209(a) (5)", and that the tenant had failed to comply with the notice. The plaintiff asserted that the eviction was prohibited by Section 209(a) 50 U.S.C.A.Appendix, § 1899(a) of the Housing and Rent Act and he sought and obtained a preliminary injunction against it. On final hearing, however, the district court dissolved the injunction and dismissed the complaint. Its action was based upon its conclusion that under paragraph (5) of Section 209(a) of the Housing and Rent Act of 1947, as amended, the provisions of that section do not prohibit the eviction which the defendant is seeking to accomplish in the New Jersey courts. The present appeal by the plaintiff followed.

The case thus presents the question whether Section 209(a) of the Housing and Rent Act of 1947 [1] as amended by the Housing and Rent Act of 1948 [2] prohibits an eviction under the circumstances of this case. Those circumstances are, as the defendant readily admitted at the hearing, that she desires possession of her property in order that she may be in a better position to sell it to a purchaser who will occupy it as his home. She further asserted, and it was not denied, that the property in question is subject to an overdue mortgage in a substantial amount and that it will be necessary for her to sell in order to pay off the mortgage. There is no suggestion that the defendant's intentions with respect to the property are not entertained in good faith.

Those provisions of Section 209(a), as amended, which are pertinent to the question, are as follows:

"Sec. 209. (a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless—

* * * * * *

(3) the landlord has in good faith contracted in writing to sell the housing accommodations to a purchaser for the immediate and personal use and occupancy as housing accommodations by such purchaser;

* * * * * *

(5) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market and such housing accommodations shall not thereafter be offered for rent as such; or * * *." [3]

It is the plaintiff's contention that paragraph (3) of Section 209(a) is the only paragraph of that section which permits eviction for the purpose of sale and that it is not applicable because the defendant admittedly has not entered into a written contract to sell the premises to any specific purchaser. The defendant on the other hand urges that paragraph (5) of Section 209(a) permits the eviction proceeding which she has instituted. She asserts that since she seeks in good faith to recover possession for the immediate purpose of withdrawing her property permanently from the rental market she comes within the express terms of paragraph (5) and that her purpose for doing so is immaterial so long as it involves the permanent withdrawal of the property from the rental market. In answer to this contention the plaintiff concedes, as indeed he must, that the language of paragraph (5) is broad enough to cover the defendant's case but contends that the generality of this language must be limited to cases not covered by the other paragraphs of Section 209(a). Among the other paragraphs he points to paragraph (3) which relates specifically to sales and he says that the two paragraphs must be construed in harmony with each other and accordingly paragraph (5) must be read as not applicable to the recovery of possession for the purpose of sale.

We are unable to accept the plaintiff's construction of paragraph (5).

[1] Act of June 30, 1947, c. 163, 61 Stat. 200.

[2] Act of March 30, 1948, c. 161, 62 Stat. 98.

[3] 50 U.S.C.A.Appendix, § 1899(a).

His contention that the various paragraphs of Section 209(a) must be read together so as to harmonize with each other would have greater merit if the paragraphs in question had been enacted at the same time. The fact is, however, that while paragraph (3) was included in Section 209(a) of the Housing and Rent Act of 1947 as originally enacted, paragraph (5) was added to that section by the Housing and Rent Act of 1948. The canon of construction upon which he relies is, therefore, not applicable. On the contrary the case is one for the application of the basic rule that where the language of a statute is plain and unambiguous there is no occasion for construction and it must be taken to mean what it clearly says. That, we think, is the case here.

■ Moreover we do not see any inconsistency between paragraph (5) as applied by the district court in this case and paragraph (3). While they may at times overlap, the reach of the two paragraphs is quite different. Paragraph (3) applies only when a sale has actually taken place to a purchaser who is a prospective occupant. Here the test of good faith is that the owner has bound himself by written contract to sell to a purchaser who intends to occupy the property as his home. There is no prohibition against subsequent renting by the owner if the purchaser defaults in his purchase or by the purchaser if, after acquiring title, circumstances so change that he finds it impossible to occupy the property himself. In the case of paragraph (5) on the other hand the test of good faith is that the owner is willing to withdraw his property permanently from the rental market. If he evicts a tenant under this paragraph Congress has made its intention quite clear that the property may not again be offered for rent at least so long as Section 209(a) (5) of the act remains in force. It will thus be seen that paragraph (3) applies only to contracted sales of a property and involves no bar to its subsequent renting while paragraph (5) applies to any sort of withdrawal of a property from the rental market, whether for purposes of sale or otherwise, when the withdrawal is to be permanent.

The legislative history of paragraph (5) supports the literal construction which the district court adopted. At the same time that Congress added paragraph (5) to Section 209 (a) by the Housing and Rent Act of 1948 it also enacted Section 302 of that act, 50 U.S.C.A. Appendix, § 1903, which provides: "Nothing in this Act or in the Housing and Rent Act of 1947, as amended, shall be construed to require any person to offer any housing accommodations for rent."

As will be seen from the Senate Committee report and the statement of Senator Cain to which we shall presently refer, these two new provisions of the law were intended by Congress to be complementary. Section 302 gave assurance that no landlord would be required by the act to keep his housing accommodation in the rental market and the addition of paragraph (5) to Section 209 (a) of the 1947 act implemented that assurance by making it possible for a landlord whose housing accommodation was in the rental market to withdraw it therefrom, if he desired to do so, by eviction of the tenant in possession. Without the inclusion of paragraph (5) in Section 209 (a) the assurance given by Section 302 would have been of no value whatever to such landlords. And they were obviously the group for whose benefit it was enacted, since those owners whose accommodations were not in the rental market were not subject to the act at all and accordingly had no need of Section 302.

The Housing and Rent Act of 1948 originated as Senate Bill 2182 of the 80th Congress. As reported by the Senate Committee on Banking and Currency the bill contained paragraph (5) and Section 302 in exactly the form in which they were ultimately enacted. In the report of the committee Section 302 was explained as follows: "Section 302 provides that nothing in this act or in the Housing and Rent Act of 1947 shall be construed to require any person to offer any housing accommodations for rent. While the committee does not believe that the absence of such a provision implies that any person is required to offer housing accommodations for rent, in view of the fact that a similar

provision was in the Emergency Price Control Act of 1942 it has been included here to remove any doubt." [4]

The committee's explanation of paragraph (5) was as follows: "In addition a new paragraph (5) has been added, permitting good faith recovery of possession for the immediate purpose of withdrawing housing accommodations from the rental market, and in that case the housing accommodations must not thereafter be offered for rent as such." [5]

In addition the report contained the following statement:

" * * * With respect to the provisions authorizing the recovery of possession for demolition and for withdrawal from the rental market the committee felt that it was unreasonable to require the landlord to continue to operate his facilities if he seeks in good faith to 'get out of the business.'

*   *   *   *   *   *

"The committee also recommends that the new legislation contain a provision expressly providing that no landlord need offer housing accommodations for rent." [6]

Senator Cain, who was in charge of the bill upon the floor of the Senate, in explaining it made the following statement relevant to the provisions here in question: "The net result is that through this procedure, a landlord may be compelled to continue in the business of renting housing accommodations despite his desire to cease that business. While to this extent the landlord is treated as if he were engaged in a public utility, as the 1947 act is administered, he is not assured of the opportunity to make a reasonable profit. Sections 205 [7] and 302 are intended to remedy this situation by allowing a landlord in good faith to regain possession of his housing accommodations if he in good faith desires to withdraw them from the rental market, and by providing that he shall not be required to offer them for rent." [8]

The statement first quoted from the report of the Senate committee indicates that Section 302 was taken from the Emergency Price Control Act of 1942, Section 4 (d) of which provided: "Nothing in this Act shall be contrued to require any person to sell any commodity or to offer any accommodations for rent." [9]

It seems reasonably clear that Section 4 (d) was placed in the Emergency Price Control Act to avoid possible constitutional difficulties. In Bowles v. Willingham, 1944, 321 U.S. 503, at page 517, 64 S.Ct. 641, 648, 88 L.Ed. 892, the Supreme Court, in upholding the constitutionality of the rent control provisions of the Emergency Price Control Act of 1942 against attack upon the ground that they constituted a taking of private property for public use without just compensation, said: "We are not dealing here with a situation which involves a 'taking' of property. Wilson v. Brown, supra. By § 4 (d) of the Act it is provided that 'nothing in this Act shall be construed to require any person to sell any commodity or to offer any accommodations for rent.' There is no requirement that the apartments in question be used for purposes which bring them under the Act."

And to the same effect see Wilson v. Brown, Em.App.1943, 137 F.2d 348.

In Taylor v. Bowles, Em.App.1944, 145 F.2d 833, the Emergency Court of Appeals placed a broad construction upon Section 4 (d) of the Emergency Price Control Act, holding that under its provisions a landlord might withdraw his housing accommodations from the rental market merely because of dissatisfaction with the existing maximum rents. We think that the almost identical provisions of Section 302 of the Housing and Rent Act of 1948 and the complementary provisions of Section 209 (a) (5), which that act added to the Housing and Rent Act of 1947, must be given an equally broad interpretation in accordance with their plain language in order to carry out the Congressional intent to avoid any constitutional difficulty.

---

[4] Sen. Rep. No. 896, 80th Cong., 2d Sess. p. 13.

[5] Sen. Rep. No. 896, 80th Cong., 2d Sess. p. 13.

[6] Sen. Rep. No. 896, 80th Cong., 2d Sess. p. 4.

[7] Sec. 205 was the section of the Senate bill which originally included the amendments to Sec. 209(a) of the Housing and Rent Act of 1947.

[8] 94 Cong. Rec. p. 1515.

[9] 50 U.S.C.A.Appendix, § 904(d).

For the reasons given we cannot agree with the contrary limited interpretation placed upon paragraph (5) by the plaintiff in his Housing and Rent Memorandum No. 51 upon which he now strongly relies. The power to issue regulations which Section 204 (d) of the act conferred upon him was limited to Sections 202 (c) and 204 and did not extend to evictions, the subject of Section 209. The interpretation is, therefore, in no sense binding upon us and since it is in manifest conflict with both the statutory language and the Congressional intent we cannot follow it.

Nor do we think, as the plaintiff urges, that the construction of paragraph (5) which the district court adopted will thwart the purpose of the Housing and Rent Act. For that purpose was not, as the plaintiff asserts, "to preserve the continuity of possession by tenants under the 'deficit in housing.'" On the contrary the history and language of the act, as well as of the Emergency Price Control Act of 1942 which it followed, make plain that its purpose was to control inflation in rents and not to protect tenants in their possession. Control of evictions was not included in the act as an end in itself but in order to prevent circumvention and evasion of the maximum rents which it was the primary purpose of the act to impose. See Judge Magruder's discussion of this point in Taylor v. Bowles, Em.App.1944, 145 F.2d 833, 834. While Congress did seek, by other legislation, to meet the wartime deficit in housing, it is obvious that freezing tenants in possession of existing housing accommodations could not solve that problem. Accordingly we find that no purpose of the Housing and Rent Act of 1947 would be served by keeping a tenant in possession of a housing accommodation which the owner desires to withdraw permanently from the rental market.

We hold, therefore, that if a landlord seeks to recover possession of his housing accommodations for the immediate purpose, entertained in good faith, of withdrawing them permanently from the rental market Section 209 (a) of the Housing and Rent Act of 1947, as amended, does not stand in the way in view of the provisions of paragraph (5) of that section and of Section 302 of the Housing and Rent Act of 1948. What such a landlord proposes to do with his accommodations is wholly immaterial provided he understands and intends in good faith that they shall not, at least so long as Section 209 (a) (5) of the act remains in force, again be offered for rent as housing accommodations either by him or any subsequent owner. As we have said, it is not suggested that the defendant in the present case did not entertain in good faith that understanding and intent. The district court, therefore, rightly held that she was entitled to prosecute her eviction proceedings.

The judgment of the district court will be affirmed.