**WOODS v. DURR.**

No. 9811.

United States Court of Appeals
Third Circuit.

Argued June 7, 1949.

Decided June 29, 1949.

Cecil H. Lichliter, Washington, D. C.
(Ed Dupree, Hugo V. Prucha, Nathan
Siegel, Cecil H. Lichliter, Washington, D.
C., on the brief), for appellant.

J. H. Thayer Martin, Newark, N. J.
(Mary C. Durr, Newark, N. J., on the
brief), for appellee.

Before MARIS, GOODRICH and KAL-
ODNER, Circuit Judges.

MARIS, Circuit Judge.

This case is again before us upon remand
from the Supreme Court which upon cer-
tiorari vacated our prior judgment and re-
manded the case to us for consideration
of the effect of Section 209 of the Housing

and Rent Act of 1947 as amended by Section 206 of the Housing and Rent Act of 1949 [1] and the regulations of the Housing Expediter issued pursuant thereto.[2] 336 U.S. 941, 69 S.Ct. 809. The facts of the case are stated in our former opinion. It is sufficient here to recall that the defendant landlord, desiring to withdraw her property from the rental market and to secure possession of it in order that she might sell it to a purchaser who would occupy it as his home, brought suit in a New Jersey state court for the eviction of her tenant, whereupon the plaintiff Housing Expediter brought the present action in the United States District Court for the District of New Jersey to enjoin the prosecution of the eviction suit. Our previous holding was that Section 209(a) of the Housing and Rent Act of 1947 as it then stood as the result of amendments made by Section 204 of the Housing and Rent Act of 1948 did not prohibit the defendant from prosecuting her eviction suit and we accordingly affirmed the judgment of the district court dissolving the preliminary injunction which it had granted and dismissing the complaint. 3 Cir., 170 F.2d 976.

Section 206 of the Housing and Rent Act of 1949 amended Section 209 of the Housing and Rent Act of 1947 by completely eliminating the statutory provisions with which we were concerned when the case was here before. Instead of expressly prohibiting eviction proceedings by landlords of controlled housing accommodations unless they come within the statutory exceptions, Section 209 as amended by the 1949 Act now provides that:

"Whenever in the judgment of the Housing Expediter such action is necessary or proper in order to effectuate the purposes of this Act, he may, by regulation or order, regulate or prohibit speculative or manipulative practices or renting or leasing practices (including practices relating to recovery of the possession) in connection with any controlled housing accommodations, which in his judgment are equivalent to or are likely to result in rent increases inconsistent with the purposes of this Act."

At the same time the 1949 Act included in Section 301, 50 U.S.C.A.Appendix, § 1907, the provision that:

"Nothing in this Act or in the Housing and Rent Act of 1947, as amended, shall be construed to require any person to offer any housing accommodations for rent."

It will thus be seen that by the Housing and Rent Act of 1949 Congress has returned, with respect to the regulation of evictions, to the statutory scheme of the Emergency Price Control Act of 1942.[3]

By Amendment 77 [4] to the Controlled Housing Rent Regulation the Housing Expediter, inter alia, exercised the authority with respect to the regulation of evictions conferred upon him by amended Section 209 by adding to the regulation a new section, § 825.6, relating to eviction proceedings. Briefly summarized the new eviction regulations provide that so long as the tenant of a controlled housing accommodation continues to pay the rent to which the landlord is entitled he shall not be evicted by legal action or otherwise unless the case either comes within one of the six categories set out in paragraph (a) in which eviction is authorized without a certificate or the landlord petitions for and obtains from the Housing Expediter a certificate authorizing him to pursue his remedies in accordance with the requirements of the local law.

Paragraph (c) of § 825.6 provides that an eviction certificate shall be issued if the Expediter "finds that removals or evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof." The paragraph then proceeds to describe five specific classes of cases in which it is made mandatory for the Expediter to so find. Among these is class (2)—"Occu-

---

[1] Act of March 30, 1949, c. 42, 63 Stat. 18, 29, 50 U.S.C.A.Appendix, § 1899.

[2] 14 F.R. 1571.

[3] See Sections 2(d) and 4(d) of the Emergency Price Control Act of 1942,

50 U.S.C.A.App. §§ 902(d) and 904(d). See also statement of Senator Sparkman on this point when the bill was under consideration in the Senate on March 23, 1949. 95 Cong. Rec. 3083.

[4] 14 F.R. 1571, 1572.

pancy by contract-purchaser"— which is restricted to the situation in which the landlord has actually entered into an enforceable contract to sell his housing accommodations to a purchaser who seeks possession for the personal use of himself or members of his immediate family, and class (5)—"Withdrawal from rental market"—which is restricted to cases in which the landlord seeks in good faith to recover possession of his housing accommodation for the purpose of making a permanent conversion of it to commercial use or of personally making a permanent use of it for non-housing purposes or of permanently withdrawing it from both the housing and non-housing rental markets without any intent to sell it.

. The regulations further provide that certificates of eviction shall only authorize the pursuit of a landlord's remedies at the expiration of the waiting period specified in paragraph (d). That paragraph prescribes the waiting periods for various classes of cases and further provides in clause (3) that in "any case where the Expediter finds that by reason of exceptional circumstances extreme hardship would result to the landlord, he may waive all or part of the waiting period."

■ The defendant attacks the validity of Section 209 of the Housing and Rent Act of 1947 as amended by the Housing and Rent Act of 1949 and of § 825.6 of the Controlled Housing Rent Regulation issued thereunder. Before we consider her specific grounds of attack, however, we are confronted with the preliminary question whether Section 209 and the regulations issued under it may under any circumstances be made applicable to an eviction proceeding, such as that brought by the defendant, which had been instituted prior to the amendment of the section and the issuance of the regulations. Since the effect of the Act and Regulations is merely to regulate and to the extent provided in the regulations prohibit in the future the eviction of the defendant's tenant we think,

upon the authority of Fleming v. Rhodes, 1947, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368, that the act and regulations, if otherwise valid, may be applied to the defendant's pending eviction suit. We pass, therefore, to the consideration of the defendant's other contentions with respect to the validity of the act and the regulations issued thereunder. .

■ Amended section 209, the statutory provision under attack, so far as we are here concerned merely authorizes the Housing Expediter by regulation or order to regulate or prohibit those speculative or manipulative practices relating to recovery of the possession of controlled housing accommodations which in his judgment are equivalent to or likely to result in rent increases inconsistent with the purposes of the Housing and Rent Act. It thus appears that the eviction practices which the act authorizes the Housing Expediter to regulate or prohibit are limited to those which he finds to be speculative or manipulative and which are equivalent to or are likely to result in undue rent increases, in other words, those practices which are likely to result in the circumvention or evasion of the act. Moreover his power in this connection is limited by the provision of Section 301 that nothing in the act shall be construed to require any person to offer any housing accommodations for rent. These statutory provisions, as we have seen, are substantially equivalent to those which were contained in the Emergency Price Control Act of 1942. The latter provisions have been sustained as constitutional[5] and since the Housing and Rent Act of 1947 has itself also been sustained[6] we see no basis for holding that the provisions of amended Section 209 of the 1947 Act as modified by Section 301 of the 1949 Act are not likewise valid.

We accordingly turn to the consideration of § 825.6 of the regulation. The scheme of that new section of the regulation is to prohibit in all but six clear classes of cases the eviction of a tenant except upon appli-

5 Bowles v. Willingham, 1944, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Wilson v. Brown, Em.App.1943, 137 F.2d 348;

Taylor v. Bowles, Em.App., 1944, 145 F.2d 833.

6 Woods v. Cloyd W. Miller Co., 1948, 333 U.S. 138, 68 S.Ct. 421, 92 L.Ed. 596.

cation by the landlord to the Housing Expediter for a certificate authorizing eviction, the issuance of such a certificate, and the expiration of the specified waiting period. The defendant asserts that she desires in good faith to withdraw her property from the rental market for the sole purpose of selling it to a purchaser for his own occupancy. This she says is neither speculative or manipulative nor equivalent to or likely to result in a rent increase. On the contrary it is, she asserts, merely the exercise of her statutory right to withdraw her housing accommodation from the rental market and cease to offer it for rent. She strongly urges that the regulation is invalid since it compels her to make application to the Housing Expediter for a certificate authorizing her to exercise a right which the law thus gives her.

■ We are not impressed with this contention of the defendant. Congress by amended Section 209 has authorized the Expediter to regulate eviction practices in order to prevent circumvention and evasion of the rent ceilings fixed by the act. It is clear that such regulation is appropriate, if, indeed, not essential to that end.[7] This being so, it is obviously proper for the Expediter to have an opportunity to investigate and consider all cases of proposed eviction in which the facts on their face do not necessarily exclude the possibility of circumvention or evasion, in order that he may ascertain whether the landlord's action is actually being taken in good faith for a lawful reason as alleged or is in reality being taken for some other reason involving circumvention or evasion.

The defendant points out that subparagraph (5) of § 825.6(c) of the regulation, the subparagraph which directs the Housing Expediter to find that eviction is not inconsistent with the purposes of the act and would not be likely to result in the circumvention or evasion thereof in cases of withdrawal from the rental market, relates only to withdrawal where the landlord has no intention to sell the housing ac-

commodations, and that subparagraph (2) of the same section, which directs the Housing Expediter to make a similar finding in the case of a purchaser who seeks to recover possession for the use of himself and his family relates only to the case of a purchaser who has actually entered into a contract of purchase. Thus it is apparent, she argues, that the regulation does not assure her the right in good faith to withdraw her housing accommodations from the rental market for the purpose of making a future sale to a purchaser for his own personal occupancy.

In our prior opinion in this case we held that under the Housing and Rent Act of 1947 as it then stood this defendant was entitled to evict her tenant and secure possession of her housing accommodations for the purpose, entertained in good faith, of making such a sale. We find nothing in the amendment of Section 209 by the 1949 Act which in any way impairs this right. Nor do we think that the right is impaired by the regulations. It is true that the two specific provisions to which the defendant points do not read on her case but, as the Housing Expediter points out, they are not exclusive. On the contrary § 825.6(c) specifically provides that the Expediter shall issue a certificate of eviction in every case in which he finds that "evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof." In other words, although the regulation does define five classes of cases, including the two referred to by the defendant, which in the judgment of the Expediter will never be likely to result in the circumvention or evasion of the act, the regulation also specifically provides that a certificate of eviction shall be issued upon application of the landlord in every other case which the Expediter finds after considering its particular facts does not involve a speculative or manipulative practice inconsistent with the purpose of the act or likely to result in the circumvention or evasion thereof.

[7] See Block v. Hirsh, 1921, 256 U.S. 135, 157, 158, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165; Parker v. Fleming, 1947, 329 U.S. 531, 536, 537, 67 S.Ct. 463, 91 L.Ed. 479.

It must be remembered that the defendant has not yet made application to the Expediter for a certificate of eviction. We shall, therefore, not assume, at this stage of the proceedings, that if and when she does apply for such a certificate it will not be granted to her. We are fortified in this conclusion by the fact that the Housing Expediter both in his brief and at our bar has stated that in view of the facts of the defendant's case he is prepared promptly to issue a certificate to her authorizing her to proceed with the eviction at the end of a reasonable waiting period if she will make application under the regulation.

■ This brings us to the final point raised by the defendant, namely, that the regulation by fixing a waiting period after the issuance of a certificate of eviction deprives her of her right to the immediate eviction of her tenant. It is true that paragraph (d) of § 825.6 of the regulation does establish waiting periods ranging from two to six months for varying classes of cases. But that paragraph, as the Housing Expediter points out, also provides in clause (3) that "In any case where the Expediter finds that by reason of exceptional circumstances extreme hardship would result to the landlord, he may waive all or part of the waiting period." Here the defendant has already been compelled to wait more than nine months[8] and her property, as we pointed out in our prior opinion, is subject to an overdue mortgage which she can only pay off through a sale of the property. Under these circumstances we think it fair to assume that the Expediter will wholly waive the waiting period in her case.

■ In any event the defendant has no standing to raise any questions involving the refusal of the Expediter to grant her a proper certificate of eviction until by petitioning him for such a certificate she has afforded him an opportunity to act. Since we hold that the regulation which requires her to make such application is valid, she must do so if she desires to proceed with her eviction suit. If, after exhausting her administrative remedy, she believes that the Expediter has not accorded her all the rights to which she is entitled she will have an opportunity, under the judgment which we shall enter, to obtain a review of the validity of his action in the district court in this proceeding. Since, however, the district court dissolved the temporary restraining order which it had originally issued against the defendant to restrain her from prosecuting her eviction proceeding and dismissed the complaint, the latter must be reinstated and an injunction issued to continue until it may appropriately be dissolved.

Accordingly, we will reverse the judgment of the district court and remand the case with directions to reinstate the complaint and to grant the injunction prayed for, with leave to the defendant to make application to the district court to dissolve the injunction if and when it appears that the Housing Expediter has issued to her a certificate of eviction and that the waiting period therein specified has terminated or that she has exhausted her administrative remedy and has been denied by the Housing Expediter a certificate in the form or with the waiting period to which she is entitled under the law.

---

[8] The temporary restraining order was entered by the district court on September 15, 1948.