NICHOLAS ESPOSITO, Landlord, Respondent, *v.* HARRY WETZEL, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, June 30, 1949, on reargument, August 23, 1949.

*David S. Elgot* for appellant.
*Benjamin Barondess* for respondent.

*Nathan W. Math* for Temporary City Housing Rent Commission of the City of New York, *amicus curiæ*.

*Per Curiam.* The proceeding is brought under paragraph (5) of subdivision (a) of section 209 of the Federal Housing and Rent Act of 1947, as amended by Public Law 464, 80th Congress, 2d Session, chapter 161 (U. S. Code, tit. 50, Appendix, § 1899), in effect April 1, 1948, providing as follows: " No action or proceeding to recover possession  *  *  *  shall be maintainable by any landlord against any tenant  *  *  *  unless  *  *  * (5) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market, and such housing accommodations shall not thereafter be offered for rent as such;  *  *  *."

The Housing and Rent Act of 1948 also provides: " Sec. 302. Nothing in this Act or in the Housing and Rent Act of 1947, as amended, shall be construed to require any person to offer any housing accommodations for rent ".

The petition alleges that the local laws of the city of New York insofar as they prohibit the institution of this proceeding without the issuance of a certificate by the commission to the landlord conflict with the act of Congress; that the commission has no power to issue a certificate here and for that reason no application was made to the commission for the issuance of a certificate.

The landlord bought the property so that his son, a veteran, could after his marriage, live there. In view of the delay however the son found another dwelling.

In accordance with the petition the landlord testified on the trial that if he gets possession the property shall not thereafter be offered for rent.

The tenant rested on the landlord's case.

The right of parties under the Federal statute and the jurisdiction of our local commission to issue a certificate have been litigated in the Second Department (*Matter of Recknagel* v. *Finkelstein,* 275 App. Div. 684; *Matter of Wong* v. *Finkelstein,* 275 App. Div. 686), and the Court of Appeals has decided in the latter case (299 N. Y. 205, 207) that " the  *  *  *  commission is not empowered by the applicable local law to issue a certificate of eviction upon the ground that the landlord desires to withdraw the property from the rental market ".

In the opening paragraph of section 825.26 of the regulations of the Housing Expediter, issued April 1, 1949 (14 Federal Regis-

ter 1580), providing that so long as the tenant pays the rent he shall not be removed, except as stated in paragraphs following, we find the proviso " that no provision of this section shall be construed to authorize the removal of a tenant unless such removal is authorized under local law ".

Among the grounds for removal under subdivision (a) of the section we do not find the provision in paragraph (5) of subdivision (a) of section 209 of the statute — the withdrawing of the housing accommodations from the rental market.

However in paragraph (c) of said section 825.26 we find " eviction certificate; grounds for issuance " as follows: " No tenant shall be removed or evicted on grounds other than those stated in paragraph (a) of this section, unless on petition of the landlord the Housing Expediter certifies that the landlord may pursue his remedies in accordance with the requirements of local law. The certificate shall authorize the pursuit of local remedies at the expiration of the waiting period specified in paragraph (d) of this section. The Expediter shall so certify if he finds that removals or evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof. The Expediter shall so find in the following cases:" etc.

Then follow several grounds, and under (5) " Withdrawal from rental market "; " Where the landlord establishes that he seeks in good faith to recover possession of the housing accommodations for the immediate purpose of  *  *  *  (iii) permanently withdrawing them from both the housing and non-housing rental markets without any intent to sell the housing accommodations."

Paragraph (d) states that certificates issued under (c) shall authorize the pursuit of local remedies at the expiration of three months from the date of the filing of the petition.

Under the statute no certificate from the Expediter was required of the landlord; but the regulation requires a certificate in such case.

The April, 1949, regulation was issued pursuant to paragraph (1) of subdivision (f) of section 206 of the Housing and Rent Act of 1947, as amended by section 205 of the 1949 statute as follows (Public Law 31, 81st Cong., 1st Sess., ch. 42): " The Housing Expediter is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information, as he deems necessary or proper to assist him in prescribing any regulation or order under this Act, or in the administration and

enforcement of this Act and regulations and orders prescribed thereunder ''.

In *Woods* v. *Durr* (170 F. 2d 976) the United States Circuit Court of Appeals, Third Circuit, in a like case under paragraph (5), affirmed a judgment dismissing the Expediter's complaint in an action to restrain eviction. But on certiorari to the Supreme Court of the United States (336 U. S. 941) the judgment was vacated and the case remanded for '' consideration of the effect of § 209 of the Housing and Rent Act of 1949, approved March 30, 1949, * * * and the eviction regulations of the Housing Expediter issued pursuant thereto ''. Three days before that decision the April regulation was issued by the Expediter.

Here the landlord tried to sell the building and he states that if he obtains possession he intends to sell it.

No reference is made in the briefs to the regulation nor is any reference made to the following '' interpretation '' of the Expediter dated October 25, 1948:

'' A landlord may not, under section 209 (a) (5), evict a tenant from housing accommodations for the purpose of obtaining vacant possession in order to sell the housing accommodations. Since section 209 (a) (5) is only one of several grounds for eviction under the act, it is clear that it was not intended that this section should broaden or defeat the purpose of limitations placed in the other grounds. It follows, therefore, that since section 209 (a) (3) provides for eviction where ' the landlord has in good faith contracted in writing to sell the housing accommodations to a purchaser for the immediate and personal use and occupancy as housing accommodations by such purchaser:' section 209 (a) (5) may not be used in cases where sales are involved.

'' That is to say, since a tenant may be evicted for occupancy by a purchaser under section 209 (a) (3), a landlord may not evict under section 209 (a) (5) for the purpose of obtaining vacant possession in order to sell.''

The law at the time of the decision of the appeal controls (*Quaker Oats Co.* v. *City of New York*, 295 N. Y. 527).

The final order should be reversed, without costs, and petition dismissed, with costs.

Appeal from order dismissed.

HOFSTADTER, PECORA and HECHT, JJ., concur.

Final order reversed, etc.

(On motion for reargument, or for leave to appeal to the Appellate Division, August 23, 1949.)

*Per Curiam.* Landlord-respondent moves for reargument or for leave to appeal to the Appellate Division from our determination herein reversing the landlord's final order and dismissing the petition.

The ground stated for reargument is that the court overlooked subdivision (2) of paragraph (h) of section 825.26 of the Expediter's regulation of April 1, 1949, which states that " the provisions of this section shall not apply to any case in which judgment was entered prior to April 1, 1949 by a court of competent jurisdiction for the eviction or removal of a tenant from housing accommodations." This comes under the head of " pending cases ".

Final order was entered for the landlord February 15, 1949, and issuance of the warrant stayed. Accordingly the summary proceeding remains pending in the Municipal Court (*Whitmarsh* v. *Farnell,* 298 N. Y. 336; *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419) ; and the regulation by its terms became effective April 1, 1949.

Although the protection of housing accommodations in defense areas through the price control acts may be accomplished notwithstanding prior judgments (*Fleming* v. *Rhodes,* 331 U. S. 100) the Expediter's regulatory provision invoked by the landlord would deprive the tenant of such protection and nullify the rule that the law at the time of the decision of the appeal controls — a rule followed by the Supreme Court of the United States in *Woods* v. *Durr,* cited in our prior opinion. There the Circuit Court of Appeals, Third Circuit, November 8, 1948 (170 F. 2d 976), had affirmed a judgment of the District Court dismissing the Expediter's complaint in an action to restrain eviction for the purpose of withdrawing housing accommodations from the rental market, and upon certiorari our highest court (336 U. S. 941) in April, 1949, vacated the judgment of the appellate court and remanded the case to that court for " consideration of the effect of § 209 of the Housing and Rent Act of 1949  *  *  * and the eviction regulations of the Housing Expediter issued pursuant thereto," effective April 1, 1949. Upon such remand the Circuit Court on June 29, 1949, reversed the judgment of the District Court, holding that the regulation requiring the landlord to procure a certificate was valid. The housing accommodations in the case cited being outside the New York City Defense-Rental Area the identical eviction regulation applicable there is section 825.6 (14 Federal Register 1571).

However, assuming the validity of the paragraph in question the record discloses facts, not referred to in our prior opinion, which require reversal and dismissal notwithstanding subdivision (2).

The petition alleges that the appellant became tenant of the former owner " as a monthly tenant, and has ever since been and now is such tenant thereof."

On the trial the tenant moved to dismiss the proceeding on the ground that the landlord failed to serve the thirty-day notice prescribed by section 232-a of the Real Property Law. No such notice was pleaded or given.

The landlord's final order in this case is not merely erroneous; it is void for the reason that the court lacked jurisdiction of the subject matter (*Norman S. Riesenfeld, Inc.,* v. *R-W Realty Co.,* 223 App. Div. 140, 145) and presents no obstacle to the operation of the regulation in favor of tenant.

The motion for reargument should be granted, and upon reargument decision adhered to, and motion for leave to appeal to Appellate Division granted.

PECORA and HECHT, JJ., concur in *Per Curiam* opinion on reargument; HOFSTADTER, J., concurs in result on reargument.

Motion for reargument granted, and upon reargument decision adhered to, etc.