**WOODS, Housing Expediter, v. GORMAN et al.**

No. 9864.

United States Court of Appeals Seventh Circuit.

Dec. 21, 1949.

William S. Kaplan, Office of the Housing Expediter, Chicago, Ill., William A. Moran, Office of the Housing Expediter, Washington, D. C., Ed Dupree and Hugo V. Prucha, Washington, D. C., for appellant.

Frederic W. Heineman, Chicago, Ill., for appellees.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff brought suit under § 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., to enjoin defendants from removing or evicting or attempting to remove or evict the tenants from certain premises within the Chicago defense-rental area, consisting of an apartment building containing 31 apartments and used as housing accommodations in the Village of Oak Park, Illinois.

The facts are not in dispute. It is agreed that the defendants sought to evict their tenants from the 30 apartments which they occupied at the time the complaint was filed in the District Court. With that in view, defendants, on December 27, 1948, caused to be served upon the tenants so occupying the apartments a notice in which each tenant was informed that his tenancy would terminate on February 28, 1949. The ground stated for the termination of the tenancy was: "The landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market, and such housing accommodations are not thereafter to be offered for rent as such."

Thereafter, on January 28, 1949, defendants mailed or delivered to each of the tenants a letter in which they informed the tenant that the reason for withdrawing the building in which he occupied an apartment from the rental market was "that they [the owners] intend to sell the building for cooperative ownership and occupancy. We wish to determine whether or not you are among those who want to become cooperative purchasers." Eighty-five percent of the tenants answered the letters and advised defendants that they did not desire to become cooperative purchasers.

The District Court found that the apartments were controlled housing accommodations prior to the termination of the leases by the notices served upon the tenants, and that the tenancies were terminated by the defendants for the purpose, entertained in good faith, of withdrawing the housing accommodations from the rental market. The court concluded that § 209(a) (5) of the Act, 50 U.S.C.A.Appendix, § 1899(a) (5), authorized a landlord acting in good faith to withdraw controlled housing accommodations from the rental market in order to sell them for use as cooperative apartments or any other use exempt from control under the Act. It denied the injunctive relief prayed for, and entered a decree dismissing the complaint.

■ Upon appeal, we are met with defendants' contention that the Housing and Rent Act of 1949, Public Law 31, 81st Cong., 1st Sess., 63 Stat. 18, is unconstitutional because it is not a proper exercise of the war power of Congress, and because it violates the Fifth Amendment. But we have already been told that the war power sustains this legislation, Woods v. Cloyd W. Miller Co., 333 U.S. 138, 68 S.Ct. 421, 92 L.Ed. 596. Moreover, in the case of United States v. Shoreline Cooperative Apartments, Inc., the Supreme Court considered the identical contentions here made by defendants, and by its order reversing the District Court, Woods v. Shoreline Cooperative Apartments, 84 F. Supp. 660, sustained the Act as constitutional. See 70 S.Ct. 248.

■ We now consider whether under the provisions of the Housing and Rent Act of 1947, as amended in 1948, c. 161, 62 Stat. 93, 98, 50 U.S.C.A.Appendix, § 1881 et seq., a landlord acting in good faith may withdraw controlled housing accommodations from the rental market and recover possession of the accommodations in order to sell them for use as cooperative apartments or any other use exempt from control under the Act.

On February 25, 1949, when plaintiff commenced his action, there was in effect § 209 of the Act relating to eviction of tenants from controlled housing accommodations. Subsection (a) of that Act provides that no action to recover possession of any controlled housing accommodations shall be maintainable so long as the tenant continues to pay the rent to which the land lord is entitled, unless—"(5) the land-

292

lord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market, and such housing accommodations shall not thereafter be offered for rent as such; * * *."

However, after the District Court entered the decree appealed from, and while this cause was pending here, Congress, on March 30, 1949, amended § 209(a). It now provides: "Whenever in the judgment of the Housing Expediter such action is necessary or proper in order to effectuate the purposes of this Act, he may, by regulation or order, regulate or prohibit speculative or manipulative practices * * * (including practices relating to recovery of the possession) in connection with any controlled housing accommodations, which in his judgment are equivalent to or are likely to result in rent increases inconsistent with the purposes of this Act." Pursuant to the provision of the subsection just quoted, the Housing Expediter issued Amendment 77 (14 F.R. 1571-1574) to the Controlled Housing Rent Regulation by adding to the regulation a new section, § 825.6, paragraph (a) of which provides that so long as the tenant of a controlled housing accommodation continues to pay the rent to which the landlord is entitled, he shall not be removed by action to evict, notwithstanding that the tenant has no lease or that his lease has expired or otherwise terminated, unless the case either comes within one or more of the grounds specified in paragraph (a) in which eviction is authorized without a certificate, or the landlord petitions for and obtains from the Housing Expediter a certificate authorizing him to pursue his remedies in accordance with the requirements of the local law. Paragraph (c) provides that an eviction certificate shall be issued if the Expediter "finds that removals or evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof." And subparagraph (5) requires such finding: "Where the landlord establishes that he seeks in good faith to recover possession of the housing accommodations for the immediate purpose of * * * permanently withdrawing them from both the housing and non-housing rental markets without any intent to sell the housing accommodations."

Now, plaintiff makes the point that a change in the law between a *nisi prius* decision and an appellate decision requires the appellate court to apply the changed law, Ziffrin, Inc., v. United States, 318 U.S. 73, 78, 63 S.Ct. 465, 87 L.Ed. 621, and that Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368, is authority for the proposition that the Act and regulations of the Housing Expediter, if otherwise valid, may be applied to the defendants' pending eviction suits. These principles of law, defendants concede. That being so, much that was said in Woods v. Durr, 3 Cir., 176 F.2d 273, is applicable and persuasive here. See also Woods v. Petchell, 8 Cir., 175 F.2d 202, and Woods v. Krizan, 8 Cir., 176 F.2d 667.

But defendants insist that the Durr case is to be distinguished from the instant case because their "property had, in fact, been effectively removed from the rental market prior to the adoption of the 1949 Act and has not at any time thereafter been again 'rented or offered for rent.'" With this contention we cannot at all agree. Rather, we think that under the circumstances the Expediter must investigate and ascertain the facts as to whether defendants had in good faith withdrawn the apartments from the rental market or whether their acts spell out circumvention or evasion of the Act.

In concluding, we think it only fair that we state that the order of the Supreme Court, Woods v. Durr, 336 U.S. 941, 69 S.Ct. 809, reversing Woods v. Durr, 3 Cir., 170 F.2d 976, was entered after Judge Barnes had disposed of the instant case, and that the error causing reversal of this case came not from the District Court, but from the change in the law by Congress.

The decree is reversed and the cause remanded to the District Court with directions to grant the injunction and proceed in accordance with this opinion.

Reversed and remanded.