**BECKWITH et al. v. KLEIN.**

No. 1272.

Municipal Court of Appeals for the District of Columbia.

Decided Nov. 19, 1952.

As Corrected Dec. 30, 1952.

———◆———

Josiah Lyman, Washington, D. C., for appellant.

Ruffin A. Brantley, Asst. General Counsel, Washington, D. C., for Robert F. Cogswell, Administrator of Rent Control, intervenor.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

When the District of Columbia Emergency Rent Act of December 2, 1941, as amended and extended, was again amended and extended by the District of Columbia Emergency Rent Act of 1951, it was provided that a landlord could obtain possession of housing accommodations if: "The landlord seeks in good faith to recover possession for the immediate purpose of discontinuing the housing use and occupancy for a continuous period of not less than six months, during which period, commencing on the date possession is recovered under this subsection, it shall be unlawful for the owner of such housing accommodations or his agent to demand or receive rent for the same, and any person paying such rent may bring an action for double the amount of rent so paid, pursuant to the provisions of section 10 of the Act."[1]

This provision was new to the rent act and is before us for the first time. The landlord sued for possession on the ground that he "desires in good faith to discontinue the premises for housing use for a longer

1. Code 1951, Supp. I, 45-1605(b) (5).

period than six months." [2]  The tenant denied this averment and demanded trial by jury. The jury returned a verdict in favor of the tenant, but the trial court set aside the verdict and ordered judgment for the landlord. The tenant has appealed.

The landlord testified that he desired possession of the premises, an apartment consisting of four rooms and bath; that when he obtained possession the premises would not be occupied or rented for housing use for a period of six months; that during that period he intended to convert the apartment into furnished rooms; that he bought the building with the intention of changing all of the apartments to furnished rooms and he had done this with a number of other apartments; and that by converting the apartments to furnished rooms he could obtain a larger return on his investment.

The tenant's evidence may be summarized under three headings. First, the landlord bore an ill will towards him and had previously filed suit for possession on the ground that the landlord wished possession for the purpose of substantially altering and remodeling the premises, but had abandoned such suit. Second, the landlord had failed to maintain minimum service standards in respect to elevator, janitor and other services. Third, the landlord had had a dispute with the Rent Administrator with respect to the rents to be charged for the furnished rooms into which other apartments had been converted, and had failed to file rent schedules for such rooms until forced to do so by the Administrator.

Our question is whether on this evidence a jury could reasonably find that the landlord did not in good faith seek possession for the purpose of discontinuing the housing use and occupancy for a period of not less than six months.

As we have said, the provision here involved is new and is before us for the first time. Somewhat similar provisions have been construed under the Federal rent law but the purposes and wordings of those provisions are so different from ours that the cases on them are not helpful in deciding this appeal.[3]

The provision in question was suggested by the Rent Administrator and in a statement before the Judiciary Subcommittee of the House District Committee, he stated that under this provision, "If a landlord is willing not to rerent his repossessed property for a period of six months he may obtain possession hereunder. There have been numerous instances here where for legitimate reasons the landlord desires to have the tenant vacate but does not come within any of the grounds provided for by the existing Act for repossession."[4]

We think it is plain from the wording of the provision and the statement of the Administrator that this provision was enacted for the benefit of landlords and enables a landlord to obtain possession for any reason if he in good faith is willing to discontinue the housing use and occupancy for a period of six months. In order to be so willing, naturally the landlord will have some compelling reason, but we do not think the good faith required involves his reason. Good faith relates to his willingness, intention and purpose of discontinuing the use and occupancy for the required six months.

The test of good faith to be applied under this provision differs somewhat from that under the other provisions. When a landlord seeks possession because the tenant is

---

2. The Administrator contends that the complaint was defective in that it did not follow the wording of the statute. The record does not show that this objection was made in the trial court and accordingly we do not consider it.

3. See Woods v. Durr, 3 Cir., 170 F.2d 976, judgment vacated and remanded, 336 U.S. 941, 69 S.Ct. 809, 93 L.Ed. 1099, new opinion, 3 Cir., 176 F.2d 273; Woods v. Gorman, 7 Cir., 179 F.2d 290; Taylor v. Bowles, Em.App., 145 F.2d 833; Wilson v. Brown, Em.App., 137 F.2d 348; Woods

v. Palumbo, D.C., M.D., Pa., 79 F.Supp. 998; Woods v. Taper, D.C., S.D., Cal., 79 F.Supp. 984; Woods v. Cammett, D. C., N.H., 80 F.Supp. 636; Sabbow v. Humiston, 193 Misc. 81, 83 N.Y.S.2d 359; Sinclair v. Byrne, 193 Misc. 1, 83 N.Y.S. 2d 629.

4. House of Representatives, Hearings before the Committee on the District of Columbia, Subcommittee on the Judiciary, Extension of Rent Control for the District of Columbia, May 28, 1951, page 38.

violating an obligation of his tenancy or is committing a nuisance, or because he wishes it for his own use and occupancy, or because he has contracted to sell to one who is purchasing for his own use and occupancy, or because he intends to make substantial alterations,[5] it may be said that the landlord seeks to dispossess the tenant for a reason recognized by the act as a good reason. Therefore under those provisions the reason asserted by the landlord for desiring possession is of vital importance and his good faith is tested by determining whether the reason asserted is in fact the good reason specified by the law or is merely a simulated reason asserted in an attempt to evade the law.[6]

However, under the new provision here involved the landlord may seek possession for any reason that appears to him to be good. His reason is not material. The nonuse and nonoccupancy for a period of six months is not the landlord's reason for seeking possession but is a condition imposed on him by the law if he seeks possession for a reason not recognized as a valid reason under other provisions of the law. The test of good faith under this new provision, as we see it, is simply the integrity of the landlord in his assertion that for a period of not less than six months after recovering possession the housing use and occupancy will be discontinued.

While the issue of good faith is generally one of fact, it becomes such only when there is substantial evidence challenging the good faith. We do not think the tenant offered such evidence. Certainly ill will between landlord and tenant or a desire by the landlord to dispossess the tenant is not such evidence, because although that may be the real reason the action is brought, the landlord's reason under this provision is immaterial.

The tenant and the Administrator argue, however, that from the evidence showing a failure on the part of the landlord to maintain minimum service standards and his failure to file rent schedules with the Administrator until ordered to do so, the jury could have found from his failure in the past to comply with the rent act that he did not in good faith intend to comply with the requirement of nonoccupancy and nonuse for the required six months' period. It may be that continued open and flagrant defiance of the rent act by a landlord constitutes evidence that any assertion made by him as to future compliance is not worthy of belief, but we do not think that this is such a case. We may put aside the evidence relating to failure to maintain service standards. Such matters are open to wide dispute and we do not believe a failure in some particular is evidence that the landlord is unworthy of belief. With respect to the rent schedules the landlord consulted with the Administrator's office before renting the converted accommodations and, as far as the record discloses, he complied with the Administrator's orders fixing rents when such orders were issued. There was no evidence of an open defiance of the Administrator or of the rent law.

Our conclusion is that there was no evidence substantially challenging the good faith of the landlord's assertion that the housing use and occupancy of the accommodations would be discontinued for a continuous period of not less than six months and that the trial court was correct in setting aside the verdict and ordering judgment for the landlord.

Affirmed.

5. See Code 1951, Supp. I, 45-1605(b) (1) (2) (3) (4).

6. See Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766; Staves v. Johnson, D. C.Mun.App., 44 A.2d 870.