WIGGINTON, Judge.
This interlocutory appeal challenges the correctness of a partial summary judgment on the issue of the application of Florida Statute 509.141, F.S.A. as a defense to the cause of action for breach of a rental contract alleged in the complaint by appellee.
By his complaint appellee alleges that he rented an apartment from appellants by an oral lease on a month-to-month basis; that on July 19, 1969, he received from appellants a notice in writing demanding that he vacate the apartment on August 1, 1969; that appellee advised appellants that he was entitled under the law to fifteen days notice prior to the end of the monthly rental period and, therefore, would not surrender possession of the apartment on August 1 as directed, but would vacate on or before September 1, 1969; that on August 1 ap-pellee tendered the stipulated monthly rental to appellants, which tender was refused; that on divers dates between August 1, 1969, and the filing of this action appellants twice caused appellee to be arrested on a charge of trespass, caused the supply of electricity into the apartment to be cut off and the service discontinued, and removed from the apartment a certain quantity of furniture and furnishings which ap-pellee had a right to use and enjoy under the rental agreement between the parties; that the acts of appellants deprived appellee of the use and enjoyment of the apartment rented by him and caused him humiliation and embarrassment by virtue of the unwarranted arrests based upon charges of trespass brought against him by appellants. For such damages appellee seeks judgment.
As a defense to the action appellants answered alleging that during the period of his tenancy appellee committed certain stated overt acts which rendered him an undesirable guest, because of which appellants delivered to appellee on July 17, 1969, a notice in writing in the form prescribed by F.S. Section 509.141(2), F.S.A.,[1] a copy of which was attached to the answer as an exhibit; that the notice demanded appellee to vacate the premises on August 1, 1969, and that failure to do so would constitute a misdemeanor under the laws of this state; that upon appellee’s refusal to vacate the apartment, appellants caused appellee to be arrested for trespass and thereafter cut off the electrical service supplying the apartment as was their right as owners of the apartment; that they were acting pursuant to the provisions of F.S. Section 509.141, F.S.A., which authorizes them to evict an undesirable guest from their apartment building without regard to notice requirements of other statutes relating to landlord and tenant relationships and, having complied with the statute, they are not liable for any damages suffered by appel-lee as alleged in his complaint.
Upon consideration of the pleadings, affidavits and exhibits in the file, the trial court entered partial summary judgment in favor of appellee holding therein that since appellants’ notice did not demand that ap-pellee immediately vacate the premises and failed to tender appellee any unused portion of rent previously paid by him, F.S. Section 509.141, F.S.A., is not applicable and therefore constitutes no defense by appellants to the cause of action alleged in the complaint.
*62 Since appellee was a tenant of appellants on a month-to-month basis, his tenancy could be lawfully terminated only by complying with the time requirements of F.S. Section 83.03, F.S.A., unless some other provision of the law creates an exception and permits a shorter notice of termination. Section 83.03 provides:
“A tenancy at will may be terminated by either party giving notice as follows:
* * * * * *
“(3) Where the tenancy is from month to month, by giving not less than fifteen days notice prior to the end of any monthly period, * *
Appellants strenuously contend that F.S. Section 509.141, F.S.A., creates an exception to the notice of termination requirements set forth in the provision of the statute quoted above, and is applicable to the facts in this case. The statute relied on by appellants was originally adopted in 1943.[2] Its purpose is to provide protection to the owners of rental accommodations and restaurants by authorizing immediate ejection of guests who are intoxicated, immoral, profane, lewd, or engage in conduct which constitutes a disturbance of the peace and whose continued presence would prove injurious to the reputation and dignity of the establishment in which they are a guest. The statute provides that if any of the stated conditions occur, the owner or manager:
“ * * * shall first orally notify such guest that the hotel, apartment house, tourist camp, motor court, restaurant, rooming house, or trailer court no longer desires to entertain him or her and request that such guest immediately depart from the hotel, apartment house, tourist camp, motor court, restaurant, rooming house or trailer court. If such guest has paid in advance the hotel, apartment house, tourist camp, motor court, restaurant, rooming house or trailer court shall, at the time oral or written request to depart is made, tender to said guest the unused or unconsumed portion of any such advance payment. * * * ”[3]
The statute further provides that any guest who remains in any rental accommodation or restaurant after being requested to depart therefrom shall be deemed to be illegally upon the premises and guilty of a misdemeanor.[4]
The foregoing statute is designed to apply only in those situations where the conduct of the guest on the premises is of such an unlawful, aggravating, and reprehensible nature as to disturb other guests lawfully on the premises and create an atmosphere detrimental to the good name and reputation of the establishment in which the disturbance occurs. The statute presumes that conduct of a guest as characterized therein is so repugnant to acceptable standards as to forfeit any right which the guest may have to notice of the termination of his tenancy as otherwise provided by law. The statute further presumes that such conduct is of such a damaging nature as to require and justify immediate removal of the guest from the premises. The due process rights of the guests are protected to the extent that upon ordering his vacation from the premises, the owner must simultaneously refund to the guest any unused portion of rent or other compensation he has paid for the privilege of occupying the premises to be vacated. It is thus seen that in order for an owner of an establishment to avail himself of the privileges of the statute by requiring the immediate termination of the host-guest or landlord-tenant relationship between him and the offending party, he must meet two requirements. Firstly, he must order the guest’s immediate removal from the premises, and secondly, he must refund to the guest any unused portion of the rent theretofore paid.
*63 In the case sub judice the written notice given by appellants to appellee to vacate the premises was in the following words and figures, to wit:
“July 17, 1969.
“Mr. Henry I. Wood
Hurricane House Apt. 7
1123 1st St. So.
Jacksonville Beach, Fla.
Dear Sir:
You are hereby notified that this establishment no longer desires you as it’s [sic] guest.
You are requested to leave by August 1, 1969 and to remain after receipt of this notice after August 1, 1969, is State. misdemeanor under the laws of this
Statute 509.141.
Philip James Kent, Owner /s/ PHILIP JAMES KENT”
PJK/LGK
From the foregoing letter it is apparent that the notice terminating appel-lee’s lease was directed to the end of the current month but did not provide for the fifteen days notice required by F.S. Section 83.03, F.S.A. If this statute is applicable, the notice was legally ineffective and ap-pellee was not required to vacate the apartment on August 1, 1969, as demanded by the notice.
It further appears from the above-quoted letter that appellee was neither ordered to immediately depart from the apartment as provided by that statutory provision on which appellants rely for protection,[5] nor did appellants tender to appellee the unused portion of the July rent theretofore paid by him applicable to the period of time remaining between the date of the notice on July 17, 1969, and the end of that month.
It is our view that since F.S. Section 509.141, F.S.A., declares it to be a misdemeanor for any undesirable guest to refuse to vacate premises after being ordered to immediately do so by the owner, the statute is penal in nature and must be strictly construed.[6] Both the provisions of the statute and the form of notice prescribed therein require the owner or landlord to make a demand on the undesirable guest that he immediately depart from the premises, and when doing so to return to the guest any unused portion of the rent previously paid. Neither of these conditions was met by appellants in the case sub judice. It is not the intent of the statute that it be used as a convenient vehicle for circumventing the notice requirements to which a tenant is entitled under the provisions of F.S. Section 83.03, F.S.A. If a landlord deems a tenant to be undesirable within the purview of F.S. Section 509.141, F.S.A., and therefore elects to avail himself of the benefits conferred by that statute, the landlord must demand the tenant or guest to immediately depart the premises and refund him whatever unearned rent he has previously paid. If, however, the conduct of the tenant is such that the landlord is willing for him to remain on the premises until the end of the current rental payment period and is not of such an aggra *64 vated nature as to require his immediate departure from the premises, then the tenant is not of the undesirable type contemplated by the provisions of F.S. Section 509.141, F.S.A., and no reliance may be placed on that statute as a defense to an action brought by the tenant for breach of his lease agreement.
We conclude that the trial court properly interpreted the statute when it held that under the facts of his case appellee was not an undesirable guest within the meaning of F.S. Section 509.141, F.S.A., and because of appellants’ failure to comply with the requirements of that statute the same is inapplicable to the facts of this case and cannot be relied upon as a defense to this action. The order appealed is accordingly affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.

. F.S. § 509.141(2), F.S.A.
“ * * * ‘You are hereby notified that this establishment no longer desires to entertain you as its guest and you are requested to leave at once and to remain after receipt of this notice is a misdemeanor under the laws of this state.’ ”

.Oh. 22023, Laws of Florida, Acts of 1943.

. F.S. § 509.141(2), F.S.A.

. F.S. § 509.141(3), F.S.A.

. F.S. § 509.141, F.S.A.

. Dotty v. State, (Fla.App.1967) 197 So. 2d 315.