OPINION OF THE COURT
Rena K. Uviller, J.
This is a summary proceeding in which the landlord petitioner seeks a judgment of possession against the tenant respondent whose month-to-month tenancy of premises, alleged by the landlord to be commercial, expired on November 30, 1978.
The notice to quit the premises, which the landlord must serve upon the tenant pursuant to section 232-a of the Real Property Law in order to maintain a special proceeding, was served by the landlord on November 1, 1978. Section 232-a of the Real Property Law, however, requires that the notice to quit be served by the landlord at least 30 days before the expiration of the tenant’s term. The notice to quit in this case was thus defective in that it was served less than 30 days before the expiration of the term.
*1115 Although the tenant asserted three affirmative defenses (relating to the contention that the premises are residential, not commercial, thereby depriving the landlord of the right to bring this proceeding because he did not register and otherwise comply with the Multiple Dwelling Law), the tenant did not assert as a defense the defective quit notice. The untimeliness of service of the quit notice was first raised by the court sua sponte after the trial had commenced. At that point the tenant moved for the first time to dismiss the petition and the proceedings for lack of subject matter jurisdiction. The court reserved decision on the motion and allowed the trial to ensue to completion.
The petition must be dismissed because of the defective notice to quit. The untimeliness of the quit notice is not mere error that can be cured by amendment. Rather, it is a defect which deprives the court of subject matter jurisdiction and authority to proceed altogether. (Stratford Arms Hotel v Petty, NYLJ, Jan. 30, 1979, p 4, col 1; Esposito v Wetzel, 196 Misc 246, 252; see, also, Margolies v Lawrence, 67 Misc 2d 468.) As a jurisdictional defect it cannot be waived and can be raised for the first time on appeal. Contrary to the landlord’s contention, the tenant’s failure to raise the jurisdictional defect until after the trial began did not constitute a waiver. (See Matter of Walker, 136 NY 20; Riesenfeld, Inc. v R-W Realty Co., 223 App Div 140, 145.)
The untimeliness of notice is a defect which, by its very nature, cannot be cured by merely amending the petition. Thus, this case is to be distinguished from those cited by the landlord in which defects on the face of a summary proceeding petition were held to be curable by amendment. (See, e.g., Katonah Realties v Wasserman, 98 Misc 2d 630.) In Katonah, the summary proceeding petition, otherwise in compliance with the statute, recited that the proceeding was being brought by an officer of the corporation instead of the corporation itself. The court ruled that the defect was not jurisdictional and could be cured by amendment. There is no way that untimeliness of notice can be cured except by instituting a new proceeding with timely service of the quit notice. Accordingly, this proceeding and petition are dismissed, without prejudice, to the petitioner to institute a new proceeding if he wishes to do so.