## RUDICH v. PORTER
### Case No. CO83-1002
Orange County Court
June 13, 1983

### APPEARANCES OF COUNSEL

**S. G. Green** for plaintiff.
**Barry LaBoda,** Legal Aid Society of Orange County, for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

### *ORDER*

THIS CAUSE came before this Court on the Defendant's Motion to Dismiss the Plaintiff's Complaint for Eviction. The Defendant rents an apartment from the Plaintiff on a month-to-month basis, rent to be paid on the first day of each month. On December 20, 1982, the landlord served a notice on the tenant requiring him to vacate by January 5, 1983.

Florida Statute 83.57 states:

A tenancy without specific duration . . . may be terminated by either party giving written notice as follows:

(3) When the tenancy is from month to month, by giving not less than 15 days notice prior to *the end of any monthly period.*

In the case at bar, the Plaintiff gave the Defendant 15 days' written notice, but the notice was not 15 days prior to the end of the monthly period. Plaintiff concedes that although the notice was invalid for January, it was valid for February. See for example *Harry's Village Inc. v. Egg Harbor Township v. Forty Eight States Resident's Association,* 446 A2d 862 (N.J., 1982).

Defendant claims the notice must be considered fatally defective. *Kent v. Wood,* 235 So.2d 60 (Fla., 3rd DCA, 1979); *Rosen v. Wade,* 418 NYS2d 258 (N.Y. Co., 1978); *Hawaii Electric Co. v. DeSantos,* 621 P2d 971 (Ha., 1980).

The Court is persuaded that the notice must be considered null and void. It is therefore

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss be and the same is hereby granted.