# BROWN v. FREDERICK

## Case No. CO83-2435

Orange County Court

June 20, 1983

### APPEARANCES OF COUNSEL

**Stuart I. Hyman** for plaintiff.

Defendant pro se.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

### *ORDER*

THIS CAUSE came before this Court as a non-jury trial on June 20, 1983. The Plaintiff filed a complaint to terminate the tenant's monthly lease. Both parties agree that rent was to be paid on the 20th of each month.

The notice dated May 23 required the tenant to vacate by June 7. Fla. Statute 83.57 states:

A lease without a specific duration . . . may be terminated by either party giving written notice as follows:

(3) When the tenancy is from month to month, by giving not less

than 15 days *prior to the end of the monthly period.* (emphasis added)

Plaintiff's notice does give the tenant 15 days to vacate, but the end of the monthly period is June 19th, not June 7th. Notice requirements for evictions are to be strictly construed. *Baker v. Clifford Mathew Investment Co.,* 128 So 827 (Fla., 1930). The notice in question fails to comply with the strict requirements of the statute. See *Kent v. Wood,* 235 So.2d 60 (Fla. 3rd DCA, 1970); *Rosen v. Wade,* 418 NYS2d 258 (N.J. Co., 1978).

Further, the Court notes that suit was instituted on June 9, 1983, which was 10 days prior to the time the Defendant would have been required to vacate the premises. Such a procedure is legally impermissible. *Whipper v. Kirk,* 274 So.2d 662 (Ga., App. 1982). It is therefore

ORDERED AND ADJUDGED that the Plaintiff's suit for possession of the premises is denied.