GROSS, J.
This case turns on the validity of the warrantless arrest of appellant Gregory Brown, who was a motel guest in Fort Lauderdale. Because the motel manager did not comply with the statute authorizing the immediate termination of Brown’s guest privileges, the police were without authority to arrest Brown when he remained in the motel room. As a result, the fruits of the search incident to the arrest should have been suppressed consistent with Brown’s pretrial motion.
On October 26, 2002, Officers Waters, Dodson, and Santo of the Fort Lauderdale Police Department responded to the Travel Lodge Motel regarding a noise complaint. The manager explained that *1121 guests had complained of disturbing noise coming from Brown’s room. Once they went to the room, the officers heard a series of bumps, dragging sounds, and furniture moving from inside the room.
In the presence of the officers, the manager told Brown through the closed door that he was an undesirable guest and that he had to leave. Brown replied that he did not have to vacate because he had done nothing wrong. At the time, Brown had prepaid for his room in cash through October 28.
The officers knocked on the door, announced their presence as officers, and advised Brown that he was an undesirable guest. The officers told Brown that if he did not leave, he would be arrested for trespassing. Brown responded that he would only leave for a Broward County Sheriff.
The manager then attempted to open the door with a key, but the door only opened a few inches because it was held by a chain bar. After again informing Brown that he had to leave, the officers forced the door open and entered the room. Their purpose in entering the room was to arrest Brown for trespassing.
The officers saw Brown standing in the room holding a black nylon bag. He refused to listen to their order to put the bag down. The officers struggled and wrestled with Brown, requiring pepper spray to subdue him. A search incident to the arrest uncovered crack cocaine inside an eyeglass case, a bag of cocaine- inside a sock, and glass pipes in the motel room.
Whether the officers lawfully entered the motel room and arrested Brown turns on the application of section 509.141, Florida Statutes (2003). Section 509.141(2) authorizes the operator of any public lodging establishment to terminate the stay of an undesirable guest if the operator, “meets two requirements.” Kent v. Wood, 235 So.2d 60, 62 (Fla. 1st DCA 1970). First, the operator must notify the guest, either orally or in writing, “that the establishment no longer desires to entertain the guest” and “request that such guest immediately depart from the establishment.” § 509.141(2). The second statutory requirement is that
[i]f such guest has paid in advance, the establishment shall, at the time such notice is given, tender to such guest the unused portion of the advance payment; however, the establishment may withhold payment for each full day that the guest has been entertained at the establishment for any portion of the 24-hour period of such day.
§ 509.141(2) (emphasis added).
Section 509.141(3) makes it a second degree misdemeanor for a guest to “remain[ ] or attempt! ] to remain in” a motel after being requested to leave pursuant to subsection (2). Under section 509.141(4), it is the “duty” of a law enforcement officer, upon the request of an operator of a public lodging establishment, “to place under arrest and take into custody for violation of this section any guest who violates subsection (3) in the presence of the officer.” .
In this case, the motel manager did not tender Brown the unused portion of his cash payment at the time the manager gave the oral notice to vacate. Because section 509.141 “is penal in nature,” it “must be strictly construed.” Kent, 235 So.2d at 63; see § 775.021(1), Fla. Stat. (2003). The statute plainly requires “tender” to occur “at the time” the notice to vacate is given. Compliance with the statute allows a motel manager to immediately terminate the host-guest relationship. As the first district has observed, it is the statute’s dual requirement of notice plus simultaneous tender that satisfies due process requirements:
*1122 The due process rights of the guests are protected to the extent that'upon ordering his vacation from the premises, the owner' must simultaneously refund to the guest any unused portion of rent or other compensation he has paid for the privilege of occupying the premises to be vacated.
Kent, 235 So.2d at 62.
Here, the motel manager did not tender any refund to Brown at the time of the request to vacate. This noncompliance with the statute means that Brown did not commit a misdemeanor by remaining in the room. Therefore, the police were without authority to make an arrest under section 509.141(4). With no valid arrest, the search incident to the arrest must fail. The evidence illegally seized was inadmissible at trial; also, Brown could properly have resisted an illegal arrest without violence. See Guitterrez v. State, 837 So.2d 1095, 1096 (Fla. 4th DCA 2003) (essential element of resisting arrest without violence is that the arrest must be lawful); compare Perry v. State, 846 So.2d 584, 587 (Fla. 4th DCA 2003) (noting that a person cannot challenge a conviction for resisting arrest with violence on the basis that the arrest itself is illegal).
Because there was no tender of payment in this case, we do not rule on what type of conduct constitutes sufficient “tender” within the meaning of section .509.141(2).
REVERSED.
WARNER, J., and SILVERMAN, . SCOTT, Associate Judge, concur.