854 So.2d 240 (2003)
Charles GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-839.
District Court of Appeal of Florida, Fourth District.
September 3, 2003.
*241 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In this appeal from a conviction and sentence for possession of cocaine and drug paraphernalia, appellant contends that the trial court erred in denying his motion to suppress. He claims that the officers who stopped him and arrested him for loitering and prowling, which arrest led to the discovery of the contraband, did not have probable cause. We agree and reverse.
Two Broward County Sheriff's deputies saw appellant and two other men walking away from a closed restaurant at the State Farmer's Market in Broward around 3:47 one morning in March 2001. The men were about 250 feet east of the restaurant. Next to the restaurant is a building where truck drivers park. They come to the area to sleep at all times, day and night. Some of the area is kept lighted at night. "No Trespassing" signs are posted around the restaurant. These signs provide notice that if an officer instructs a person to leave the premises, failure to leave after warning could result in arrest for trespass.
The deputies separated the three men for questioning. Appellant did not attempt to flee, identified himself correctly and was cooperative. He told the deputy he was on the property looking for a place to park his truck, which he had left parked quite a distance away from the Farmer's Market. The other men said that they were looking for gas for their vehicle.
The restaurant had been burglarized the night before, but the deputies did not see any evidence that appellant or the other two men were trying to burglarize the restaurant. They did not have any burglary tools and did not appear to be surveilling the area to find a way to break in. The deputies arrested all three men. The testifying deputy said he arrested appellant for loitering and prowling because when questioning appellant "in regards to why he was there, he was unable to dispel [the officer's] alarm [as to] why he was on that property at that time and at that place." The officer believed that appellant was an immediate threat to the safety of the property because the time was consistent with a prior burglary. The officer did not consider appellant a trespasser because *242 the officer never directed appellant to leave. Based upon the evidence, the court denied the motion to suppress.
The crime of loitering and prowling consists of two elements: (1) the accused must loiter and prowl in a manner not usual for law abiding individuals; and (2) the loitering and prowling must be under circumstances that warrant concern for the public safety. See § 856.021(1), Fla. Stat. (2000); see also Von Goff v. State, 687 So.2d 926, 928 (Fla. 2d DCA 1997); Springfield v. State, 481 So.2d 975, 976-77 (Fla. 4th DCA 1986). "The gist of the first element is conduct which comes close to, but falls short of, the actual commission or attempted commission of a substantive crime and which must be alarming in nature, pointing toward an imminent breach of the peace or threat to public safety." E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999). The officer must "`point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' a finding that a breach of the peace is imminent or the public safety is threatened." State v. Ecker, 311 So.2d 104, 109 (Fla.1975) (quoting Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Because loitering and prowling is a misdemeanor, both elements of the offense must be committed in the officer's presence prior to arrest. See Erceg v. State, 697 So.2d 572, 572 (Fla. 4th DCA 1997); Freeman v. State, 617 So.2d 432, 433 (Fla. 4th DCA 1993).
The evidence presented in this case does not show the presence of either element of the crime of loitering and prowling. While the officers witnessed three men walking in the area of the Farmer's Market in the early hours of the morning, the testifying officer admitted that truckers frequented the area at all times, day and night. Therefore, that observed fact plus any rational inferences to be drawn from it do not suggest that appellant was acting in an abnormal way at the time and place the officers encountered him. The fact that the restaurant in the vicinity had been previously burglarized does not alter this conclusion as "[s]tanding late at night or in the early morning hours in back of a closed business in a high-crime area or an area in which there had been burglaries does not, without more, amount to the crime of loitering and prowling." C.H.S. v. State, 795 So.2d 1087, 1091 (Fla. 2d DCA 2001) (citations omitted); see also K.R.R. v. State, 629 So.2d 1068, 1070 (Fla. 2d DCA 1994). The behavior of appellant and the other two men was not "alarming in nature, pointing toward an imminent breach of the peace or threat to public safety," E.C., 724 So.2d at 1244, by coming "close to, but falling short of, the actual commission or attempted commission of a substantive crime." Id. The fact that the men gave the officers inconsistent explanations for their presence at the Farmer's Market is irrelevant because the men's actions were not alarming, thus there was no need for the men to dispel alarm. See R.M. v. State, 754 So.2d 849, 850 (Fla. 2d DCA 2000) (finding defendant's inconsistent and puzzling answers to officer's questions were irrelevant because there was no need for defendant to dispel any alarm).
As the evidence did not demonstrate that appellant was engaged in activity which indicated an imminent breach of the peace or threat to public safety, the trial court erred in finding probable cause to justify appellant's arrest. Therefore the motion to suppress should have been granted.
Reversed and remanded for discharge.
STONE and STEVENSON, JJ., concur.