PER CURIAM.
The appellant entered a plea of nolo contendere to the charge of possession of cocaine, but expressly reserved the right to appeal the trial court’s denial of her motion to suppress evidence of the cocaine. Because law enforcement lacked probable cause to arrest the appellant, we reverse.
The appellant was standing on a street corner at midnight when law enforcement made contact with her. The arresting officer noted that the appellant, who did not live in the area, had been previously observed with “convicted drug users,” and a known drug dealer was observed entering a residence approximately one block away from her location. She was arrested for loitering and prowling after giving inconsistent explanations as to why she was standing on the street corner. The officer made the arrest because he believed that she intended to purchase narcotics. A search incident to her arrest revealed cocaine in her possession. On appeal, the appellant contends that the evidence resulting from her arrest should have been suppressed because she was unlawfully arrested. We agree.
To have probable cause to arrest the appellant for loitering and prowling, law enforcement must have observed her: (1) loitering and prowling in a manner not usual for law abiding individuals; and (2) loitering and prowling under circumstances that warrant concern for the safety of persons or property in the vicinity of the loitering and prowling. § 856.021(1), Fla. Stat. (2004); Grant v. State, 854 So.2d 240, 242 (Fla. 4th DCA 2003); Chamson v. State, 529 So.2d 1160, 1160-61 (Fla. 3d DCA 1988). Even assuming that the appellant loitered in a manner not usual for law abiding individuals, law enforcement did not have probable cause to arrest her because the belief of an imminent drug transaction does not necessarily warrant concern for public safety. See Carroll v. State, 573 So.2d 148 (Fla. 2d DCA 1991). The arresting officer specifically noted that the appellant was simply standing on a street corner late at night. Although the totality of the circumstances may have given rise to a reasonable suspicion of illicit drug activity, the circumstances did not warrant a concern for the safety of nearby persons or property. Therefore, the trial court should have granted the appellant’s motion to suppress evidence resulting from her arrest because law enforcement lacked probable cause to arrest her for the offense of loitering and prowling.
Accordingly, we reverse the trial court’s denial of the appellant’s motion to suppress and remand for further proceedings consistent herewith.
REVERSE and REMAND.
ERVIN, DAVIS and LEWIS, JJ., concur.