SHAHOOD, J.
Appellant, J.M.C., a child, was charged by a petition for delinquency with loitering or prowling and possession of Xanax. Appellant appeals the denial of his motion to suppress as well as the denial of his motion for judgment of dismissal on the loitering or prowling charge. We affirm.
At the time of trial, the parties agreed that the trial court would hear testimony and argument on the motion to suppress at the same time as the trial testimony.
The State called Officer Kenneth Ufkin. Officer Ufkin was on patrol August 3, 2005, when he received a dispatch at approximately 12:00 or 12:30 in the morning regarding a Hispanic male, bushy hair, no shirt, baggy pants, pushing a riding mower westbound on First Street. The officer responded to the location and saw a lawnmower abandoned in the intersection and Officer Francis talking with a male out in the street. Beyond them, Ufkin saw a Hispanic, later identified as appellant, hiding in a ficus hedge. When Ufkin first spotted appellant, he pointed his light at *1237 him and appellant ran to the backyard. Appellant fit the description from the dispatch. Officer Ufkin ran to the backyard and located appellant behind the house, underneath a little hanging tree. Ufkin asked appellant why he was running and he responded with “f— you.” Ufkin continued to ask appellant questions and appellant responded “f— you, you’re gonna arrest me anyway, I didn’t do nothing.” Ufkin ordered appellant out of the bushes or else he was going to tase him. Appellant came out and Ufkin put handcuffs on him. After Ufkin placed appellant under arrest for loitering or prowling, Officer Rubin conducted a pat-down search of appellant. Ufkin saw Officer Rubin remove a prescription pill bottle from appellant and Ufkin identified that it contained pills of Xanax.
After Ufkin read appellant his rights, appellant agreed to speak with the officer regarding the investigation. Appellant told the officer that he found the lawnmower in somebody’s garbage and that he ran because of the pill bottle he had on him.
The State next called Stacy Macieko-wich, the person who had called about the suspicious activity. Around 12:00 in the morning, Maciekowich had gotten up to get a drink of water when she heard a noise and looked out of the window. She saw a young man fumbling with a riding mower. She called the police because she believed that the person was stealing the lawnmower.
The last witness to testify was Officer Joseph Rubin. Rubin responded to a dispatch at around 1:00 in the morning about a Hispanic male pushing a lawnmower down the road. Rubin arrived at the same time as Ufkin; Officer Francis was already at the scene talking to another Hispanic male. Rubin saw Ufkin proceed to the backyard of a residence and heard him give out orders to someone. After hearing the orders, Rubin went to Ufkin and helped him detain appellant. Rubin conducted a pat-down of appellant and discovered an orange pill bottle containing Xa-nax.
At the conclusion of the testimony, appellant moved for a judgment of acquittal, which was denied by the court. The court then addressed the motion to suppress. The court determined that Officer Ufkin had probable cause to arrest appellant for loitering or prowling and denied the motion to suppress.
Appellant urges the trial court erred in denying his motion to suppress the Xanax because the State’s evidence failed to show that Officer Ufkin had probable cause to arrest him for loitering or prowling. He further argues there was no evidence to support a reasonable belief that his behavior presented an imminent threat to the safety of property or people in the area.
The offense of loitering or prowling is defined under section 856.021, Florida Statutes (2005):
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
§ 856.021(1), Fla. Stat. (2005).
In E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999), this court explained that the State must prove the following two elements to establish the crime: “(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; and (2) the loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the *1238 vicinity.” (Citing State v. Ecker, 311 So.2d 104, 106 (Fla.1975)). Because loitering or prowling is a misdemeanor, both elements of the offense must be committed in the officer’s presence prior to arrest. Grant v. State, 854 So.2d 240, 242 (Fla. 4th DCA 2003).
The time, location, and appellant’s actions upon discovery by the police satisfy the elements of the offense. See Battle v. State, 868 So.2d 587, 589 (Fla. 4th DCA 2004) (“Lurking in the dark by residences in the wee hours of the morning is unusual for law-abiding persons.”); Ecker, 311 So.2d at 106 (“alarm is presumed under the statute if, when a law officer appears, the defendant flees, conceals himself, or refuses to identify himself.”). We affirm as to the charge of loitering or prowling.
As for the motion to suppress, the pat-down of appellant occurred after he was arrested. A search incident to arrest is lawful if the officer has probable cause to arrest. See Brown v. State, 891 So.2d 1120, 1122 (Fla. 4th DCA 200 5). Probable cause exists where “the facts and circumstances within their [the officers’] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that” an offense has been or is being committed. Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (quoting Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)).
The State argues that the court did not abuse its discretion when it denied the motion to suppress because based on Ma-ciekowich’s and Uflrin’s testimony, it was clear that Ufkin had sufficient probable cause to arrest appellant. Further, section 856.031, Florida Statutes, provides:
Any sheriff, police officer, or other law enforcement officer may arrest any suspected loiterer or prowler without a warrant in case delay in procuring one would probably enable such suspected loiterer or prowler to escape arrest.
§ 856.031, Fla. Stat. (2005). The warrant-less arrest was authorized by section 856.031 because appellant would have fled if the officer left to obtain a warrant. We agree and affirm as to the denial of the motion to suppress.
We accordingly affirm as to this and all other issues raised by appellant.

Affirmed.

GROSS and TAYLOR, JJ., concur.