POLEN, J.
Appellant, S.J., appeals the trial court’s order adjudicating him guilty of loitering or prowling, burglary of a structure or conveyance, grand theft auto, and petit theft, and placing him on juvenile probation and ordering him to complete fifty hours of community service. We hold that the trial court did not err in denying S.J.’s motion to suppress and affirm.
S.J.’s charges arose from events occurring on March 22, 2009. Around 1:00 a.m. on that date, Sergeant Bruce Hoffman of the City of Atlantis Police Department responded to a call regarding two males— a black male wearing all black and a white male dressed in a white t-shirt — in the JFK Medical Center parking lot. As Hoffman was approaching JFK, he observed two subjects in the parking lot just outside an enclosed dumpster area. It appeared to Hoffman that the individuals were attempting to hide from an approaching JFK security van. When Hoffman approached the individuals and asked what they were doing, both replied they were looking for a drink of water. Hoffman estimated one of the individuals to be about fourteen or fifteen years of age and the other to be about ten years of age. Hoffman was concerned about safety and property in the area because JFK is one of the department’s most problematic areas *104 when it comes to vehicle break-ins and theft and the subjects’ explanation did not ease Hoffman’s concerns. Both individuals gave Hoffman their names and neither tried to flee.
In light of the young age of the individuals, the time of day, and the history of car burglaries in the JFK parking lot, Hoffman suspected that the boys either had committed or were about to commit a criminal act. Hoffman arrested both individuals, one of whom was S.J., for loitering and prowling.
Defense counsel argued S.J.’s motion to suppress based solely on Hoffman’s testimony. Defense argued that because every element of loitering or prowling was not committed in Hoffman’s presence, S.J.’s arrest for a misdemeanor was unlawful. Furthermore, according to the defense, Hoffman’s decision to arrest S.J. was based on his suspicion that criminal activity had already occurred or was about to occur, which according to the case law, is an insufficient basis for arrest. The State responded that the arrest for loitering and prowling was lawful because Hoffman had a justifiable reason for alarm or concern for the safety of persons or property in the vicinity. The trial court denied the motion.
“In reviewing an order on a motion to suppress, an appellate court should defer to the trial court’s factual findings but review de novo the application of the law to the facts.” Dixon v. State, 36 So.3d 920, 923 (Fla. 4th DCA 2010).
Section 856.021, Florida Statutes, provides, in relevant part:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself or herself and explain his or her presence and conduct.
§ 856.021, Fla. Stat. (2009). The gist of “loitering and prowling in a manner not usual for law-abiding citizens” is “aberrant and suspicious criminal conduct that comes close to, but falls short of, the actual commission or attempted commission of a substantive crime.” D.S.D. v. State, 997 So.2d 1191, 1193 (Fla. 5th DCA 2008). The requisite “justifiable and reasonable alarm” is presumed where the defendant flees, conceals himself or any object, or refuses to identify himself to a law enforcement officer. Id.
As the State points out, “the facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based.” Shriner v. State, 386 So.2d 525, 528 (Fla.1980). Instead, probable cause to arrest exists when the totality of the facts and circumstances within the officer’s knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it. Id. Finally, if, as in the *105 present case, an officer arrests an individual for a misdemeanor without a warrant, the arrest “shall be made immediately or in fresh pursuit.” § 901.15(1), Fla. Stat. (2008).
S.J. cites D.G. v. State, 714 So.2d 644 (Fla. 4th DCA 1998), for the proposition that an officer’s subjective belief that an individual is concealing himself does not furnish a factual basis for a well-founded suspicion, much less probable cause. Id. at 646. S.J. goes on to argue that, because an objectively reasonable person would not have believed S.J. was attempting to conceal himself from the officer, there was no justifiable and reasonable alarm, and thus, the offense of loitering and prowling was not committed in Hoffman’s presence. However, concealment merely creates a presumption of justifiable and reasonable alarm. The proper test for probable cause still requires a consideration of the totality of the facts and circumstances within the officer’s knowledge. Here, Hoffman encountered two boys, one of whom appeared to be fourteen years old and the other ten years old, around 1:00 a.m. in a hospital parking lot which recently had been plagued by vehicle break-ins. The boys claimed they were looking for water but were standing near a dumpster.
On this record, we affirm the trial court’s denial of S.J.’s motion to suppress because Hoffman had probable cause to believe S.J. was loitering and prowling.

Affirmed.

WARNER and LEVINE, JJ., concur.