TAYLOR, J.
Appellant challenges his conviction for possession of cannabis, arguing that the trial court erred in refusing to suppress evidence discovered during a search incident to his arrest. Because the officer lacked probable cause to arrest appellant for loitering and prowling, we reverse the denial of appellant’s motion to suppress.
The state filed a juvenile delinquency petition charging appellant with possession of cannabis. The evidence at the hearing on the motion to suppress established the following facts. The police received an anonymous call reporting that two juveniles — a Latin male and a white male— were trying to open back patio doors in a residential community. The caller reported that the white male was wearing a black shirt and black pants and the Latin male was wearing a red shirt and blue jeans. An officer went to the front of the address reported in the call, but did not see anyone. When he came around to the back of the same buildings, he saw appellant come from the bushes onto the side *982 walk. Appellant was wearing a red shirt and blue jeans; he matched the caller’s description of the Latin male.
When the officer first saw appellant, appellant was not hiding in the bushes, trying to conceal himself, running or rushing, or looking around. The officer testified that he did not see appellant doing anything illegal, behaving evasively, or trying to open any doors. However, when appellant saw the officer’s marked police car, he initially turned away from the car and started walking back toward the bushes. The officer got out of his car and said, “Wait a minute, I want to talk to you.” Appellant complied and came over to the officer, identified himself, and cooperated with him.
The officer asked appellant if he lived in the neighborhood. Appellant replied that he did not. When the officer asked appellant what he was doing in the neighborhood, appellant responded that he was meeting a friend at the pool. However, appellant was not dressed for swimming, did not have a towel, and did not know the code to the pool’s gate. Appellant admitted to the officer that he was with another juvenile, and he then assisted the officer in finding the other juvenile. The officer arrested appellant for loitering and prowling. During a search incident to the arrest, the officer found cannabis on appellant’s person.
Appellant moved to suppress the cannabis, arguing that there was no reasonable suspicion to stop him and no probable cause to arrest him for loitering and prowling. He thus argued that the subsequent search incident to arrest was illegal and the fruits of that search were inadmissible. The trial court denied appellant’s motion to suppress. Appellant entered a no contest plea to the cannabis charge, reserving the right to appeal the disposi-tive motion.
Appellant first argues that the officer conducted an illegal investigatory stop that was not supported by reasonable suspicion. We need not reach this issue, however, because we agree with appellant’s alternative argument that the officer did not have probable cause to arrest him for loitering and prowling.
The standard of review of a trial court’s ruling on a motion to suppress is mixed. An appellate court is bound by a trial court’s factual findings if they are supported by competent, substantial evidence. Pagan v. State, 830 So.2d 792, 806 (Fla.2002). However, the application of the law to the facts is reviewed de novo. Dixon v. State, 36 So.3d 920, 923 (Fla. 4th DCA 2010).
The crime of loitering and prowling has two elements: (1) the defendant loitered and prowled “in a place, at a time, or in a manner not usual for law-abiding individuals,” and (2) the loitering occurred under “circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” § 856.021(1), Fla. Stat. (2010); Hollingsworth v. State, 991 So.2d 990, 992 (Fla. 4th DCA 2008). Because of its potential for abuse, the loitering statute must be applied with special care. Springfield v. State, 481 So.2d 975, 977 (Fla. 4th DCA 1986). It is not to be used as a “catch-all” provision when there is an insufficient basis for another charge. B.A.A. v. State, 356 So.2d 304, 306 (Fla.1978).
An officer may not base a decision to arrest for loitering and prowling on an anonymous tip. See Simms v. State, 51 So.3d 1264, 1268 (Fla. 2d DCA 2011). Moreover, since the charge is a misdemeanor, “only the officer’s own observations may be considered in determining *983 whether probable cause exists.” Springfield, 481 So.2d at 977. Therefore, both elements of the crime must occur in the officer’s presence. See Lucien v. State, 557 So.2d 918, 919 (Fla. 4th DCA 1990); but see Joseph D. Robinson, A Loitering and Prowling Primer, 71 Fla. B.J. 59, 60 (Nov.1997) (criticizing Luden in circumstances where the state presents testimony of the citizen who observed the defendant’s conduct).
To satisfy the first element, the state must prove that “the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to the time, place, or manner of the conduct involved.” E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999). Such behavior comes close to, but falls short of, the actual commission or attempted commission of a substantive crime. Id. A “vaguely suspicious presence” is insufficient. Mills v. State, 58 So.3d 936, 939 (Fla. 2d DCA 2011). Rather, the defendant’s behavior must point “toward an imminent breach of the peace or threat to public safety.” E.C., 724 So.2d at 1244. Stated another way, there must be a “threat of immediate, future criminal activity.” V.E. v. State, 539 So.2d 1170, 1171 (Fla. 3d DCA 1989) (emphasis added).
To satisfy the second element, the state must demonstrate that the loitering occurred under “circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” § 856.021(1), Fla. Stat. (2010). “Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object.” § 856.021(2), Fla. Stat. (2010).
If after being confronted by an officer, the defendant “produces credible and reliable identification and complies with the orders of the law enforcement officer necessary to remove the threat to the public safety ... the charge under this statute can no longer properly be made.” State v. Ecker, 311 So.2d 104, 110 (Fla.1975). However, “[t]he failure to provide identification or a reasonable explanation for the questioned activity are not elements of the crime.” Luden, 557 So.2d at 919.
“[T]he offense of loitering and prowling must be completed prior to any police action.” E.C., 724 So.2d at 1245. And because flight from police comes after the officers’ presence is made known, flight alone is insufficient to satisfy the elements of loitering and prowling. See Hunter v. State, 32 So.3d 170,175 (Fla. 4th DCA 2010) (“Although the defendants both fled toward their residence when the officers announced their presence, this flight does not retroactively supply the elements that an officer must observe to satisfy the requirements of loitering and prowling.”).
Here, the state did not meet its burden for either element. First, because the officer was investigating an anonymous tip, any information in the tip cannot support a loitering and prowling charge without independent corroboration. An officer must personally observe any behavior supporting the charge, and the offense must be completed prior to any police action. The officer in this case did not observe appellant attempting to open back patio doors. Thus, in determining whether there was probable cause, we may consider only the officer’s personal observations that appellant (1) walked onto a sidewalk from some bushes in the afternoon, and (2) turned around upon seeing the officer.
The first element requires proof of unusual conduct indicating incipient criminal *984 activity. When the officer first saw appellant, appellant was not hiding in the bushes, trying to conceal himself, or running. Appellant’s presence emerging from bushes and onto the sidewalk was, at most, vaguely suspicious. However, that vaguely suspicious act, without more, does not come close to the commission or attempted commission of a crime, nor does it indicate an imminent breach of the peace or threat to public safety. See In Interest of O.W., 423 So.2d 1029, 1029-30 (Fla. 4th DCA 1982) (where an officer heard a noise in some nearby bushes and saw the juvenile defendant run through a field, the evidence was insufficient to support the defendant’s adjudication of delinquency for loitering an prowling, even though the defendant kept running after the officer called to him); Woody v. State, 581 So.2d 966, 967 (Fla. 2d DCA 1991) (no probable cause to arrest defendant for loitering and prowling where defendant fled at the sight of police and hid in the bushes; officer’s concern for the safety of persons or property upon seeing appellant hiding in bushes “was not supported by any articulable facts which could reasonably warrant such a concern” and “there was nothing to suggest any independent criminal activity afoot”); Simms, 51 So.3d at 1266-68 (no probable cause to arrest suspect for loitering and prowling where officers received an anonymous tip at 10:30 p.m. on Halloween stating that a thin, dark-haired, six-foot-tall man wearing a flannel shirt was trying to open car doors in a particular block of a residential area and the officers found the suspect in the area; although officers indicated that the suspect appear to “just pop up” from between two cars, he neither fled nor refused to identify himself, so it was not reasonable for officers to believe he posed an imminent threat to persons or property).
The Mills case is also instructive. In Mills, the defendant walked out from behind a closed business and turned around to walk back behind it when he saw the police. 58 So.3d at 938. The court held that Mills’s action “did not come close to the actual commission or attempted commission of a substantive crime. Nor did it suggest that a breach of the peace was imminent.” Id. at 940.
Similarly, here, appellant’s act of walking from the bushes and turning around upon seeing the police did not come close to the commission or attempted commission of a crime. The present case is distinguishable from situations where this court has found that a defendant engaged in incipient criminal behavior which lawr abiding people do not usually engage in due to the time, place, or manner of the conduct involved. See Battle v. State, 868 So.2d 587, 587-89 (Fla. 4th DCA 2004) (lurking in the dark at 2:15 a.m. in the hedges between two residences constituted unusual activity where the officer recognized the defendant and knew that he resided elsewhere); see also S.J. v. State, 50 So.3d 102, 104-05 (Fla. 4th DCA 2010) (officer had probable cause to arrest juvenile for loitering and prowling where the officer observed the defendant and another boy around 1:00 a.m. in a hospital parking lot which recently had been plagued by vehicle break-ins, the officer saw the boys attempting to hide from an approaching security van, and the boys claimed they were looking for a drink of water, but were standing near a dumpster). Accordingly, the state failed to show that appellant’s conduct before being stopped by the officer satisfied the first element of loitering and prowling.
The second element requires proof of alarm or immediate concern for public safety. Here, appellant did not take flight, refuse to identify himself, or conceal himself. Appellant’s simple act of walking in the opposite direction from police upon seeing the officer did not constitute *985 “flight.” See Lee v. State, 868 So.2d 577, 581-82 (Fla. 4th DCA 2004) (concluding that dispersing or walking quickly away from the scene upon the arrival of law enforcement did not constitute evidence of flight or “headlong flight”). Further, although appellant initially attempted to walk back toward the bushes, appellant immediately complied with the officer’s instruction to wait and then identified himself. Appellant even assisted the officer in locating the other juvenile who was with appellant. Moreover, because there was no alarm that appellant needed to dispel, any suspicion created by appellant’s unsatisfactory explanation that he was going to the pool is irrelevant in the probable cause determination. See Rucker v. State, 921 So.2d 857, 860 (Fla. 2d DCA 2006) (“[A]ny suspicion created by Mr. Rucker’s allegedly unsatisfactory answers to the deputies’ questions is irrelevant in the probable cause determination because there was no alarm that Mr. Rucker needed to dispel.”).
Because the state failed to show that appellant’s behavior came close to the completion or attempted completion of a substantive crime and that appellant’s behavior pointed to an immediate future threat to public safety, the officer did not have probable cause to arrest appellant for loitering and prowling. Consequently, the subsequent search was illegal and its fruits should have been suppressed. We therefore reverse the order denying appellant’s motion to suppress and remand with directions to vacate the adjudication of delinquency.
WARNER and STEVENSON, JJ., concur.