POLEN, J.
The juvenile, E.F., appeals from the trial court’s disposition order finding him guilty *103 of loitering and prowling following an adjudicatory hearing. The juvenile argues that the court erred in denying his motion for judgment of dismissal because the elements of the offense were not committed in the officer’s presence. We agree with the juvenile’s argument. We reverse and remand for the dismissal of the loitering and prowling charge.
Around 9:00 one morning, a detective patrolling a residential neighborhood where there had been recent burglaries noticed the juvenile walking down one of its streets. The detective continued to watch him for several minutes. He observed the juvenile walking slowly while looking into carports and the sides of houses. He also observed that the juvenile was carrying a “large black satchel bag,” and that he had a yellow flashlight hanging out of his front pants pocket. The detective parked his car, got out, and initiated contact with the juvenile.
From across the street, the detective asked the juvenile if he lived in the neighborhood. The juvenile acknowledged that he did not. The detective then ordered the juvenile to come over to him, and asked the juvenile if he could cheek him for weapons. The juvenile complied. While the detective was patting him down, a concerned citizen from the neighborhood rode up on a bicycle. The citizen, who testified at the hearing, had noticed the juvenile walking down the street several minutes prior to the detective. The citizen had observed the juvenile look at a vacant house, look across from the vacant house to his neighbor’s house, and walk around his neighbor’s house. At that point, the citizen got on his bicycle to follow the juvenile. He caught up to him during the juvenile’s encounter with police.
During this encounter, the detective asked the juvenile what was in his satchel bag. The juvenile responded that it contained “scrap items.” Upon request, he opened his bag, which revealed pieces of copper piping, a pair of bolt cutters, a pair of gloves, screwdrivers, and a hammer. The juvenile provided his name to the detective, which the detective confirmed.
The detective gave the juvenile the opportunity to explain himself, and contacted a deputy to assist him. The juvenile told the detective that he obtained the copper piping from a nearby business. The deputy then drove him to the business to verify that story. He was arrested thereafter.
During the adjudicatory hearing, the trial court simultaneously heard the juvenile’s previously filed motion to suppress physical evidence obtained, during the search on grounds that the detective lacked any reasonable suspicion to justify detaining him. After the presentation of evidence and argument on the motion, the court denied the motion to suppress. However, the court granted the juvenile’s motion for judgment of dismissal on his other charge for possession of burglary tools.
The juvenile also moved for a judgment of dismissal on the loitering and prowling charge, arguing that the State failed to present evidence sufficient to prove either of the two elements of the crime as set forth in section 856.021, Florida Statutes (2011). The court denied that motion. Following closing arguments, the court found the juvenile guilty of loitering and prowling, adjudicated him delinquent, and imposed a disposition of time served.
On appeal, the juvenile argues that the trial court erred in denying his motion for judgment of dismissal on the loitering and prowling charge because the State failed to present sufficient evidence to support a conviction. Specifically, he contends that because the crime is a misdemeanor, the illicit conduct must have occurred in the *104 officer’s presence. He asserts the detective merely observed E.F. walking down the street looking at houses, carports, and the sides of houses — actions that he maintains are not criminal. We agree.
Similar to a judgment of acquittal in a criminal case, the standard of review applicable to a motion for judgment of dismissal in a juvenile case is de novo. B.J. v. State, 951 So.2d 100, 102 (Fla. 4th DCA 2007). This is because “the motion tests the legal sufficiency of the state’s evidence.” Id.
To establish the crime of loitering and prowling, the State must prove the following two elements: (1) the defendant loitered or prowled “in a place, at a time, or in a manner not usual for law-abiding individuals,” and (2) the loitering was under “circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” See § 856.021, Fla. Stat. (2011); see also J.M.C. v. State, 956 So.2d 1235, 1237-38 (Fla. 4th DCA 2007); E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999). Additionally, “[bjecause loitering or prowling is a misdemeanor, both elements of the offense must be committed in the officer’s presence prior to arrest.” 956 So.2d at 1238 (citing Grant v. State, 854 So.2d 240, 242 (Fla. 4th DCA 2003)) (emphasis added); see also G.G. v. State, 903 So.2d 1031, 1033 (Fla. 4th DCA 2005). Regardless, due to the loitering statute’s potential for abuse, it “must be applied with special care.” P.R. v. State, 97 So.3d 980, 982 (Fla. 4th DCA 2012).
In order to prove the first element, the State “must establish that the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to the time, place, or manner of the conduct involved.” E.C., 724 So.2d at 1244. The idea of this element is “suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime.” B.J., 951 So.2d at 103 (citation omitted). A mere “vaguely suspicious presence is insufficient” to satisfy this element. P.R., 97 So.3d at 983 (citation omitted).
In order to prove the second element, the arresting officer must be able “to articulate specific facts which, when ‘taken together with rational inferences from those facts, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened.’ ” G.G., 903 So.2d at 1033 (citation omitted). Circumstances that may be considered when determining whether such breach of the peace is imminent or public safety threatened are “whether the person takes flight, refuses to identify himself, or attempts to conceal himself or an object.” Id.-, see also § 856.021(2), Fla. Stat. (2011).
Here, because both elements of loitering and prowling must be committed in the officer’s presence prior to arrest, the trial court was limited to considering only the detective’s observations that, around 9:00 in the morning, the juvenile was (1) walking slowly while looking into carports and sides of houses in an area where burglaries had occurred, and (2) carrying a large satchel bag along with a yellow flashlight hanging out of his pants pocket. Even when viewed in the light most favorable to the State, this conduct was not unusual or indicative of incipient criminal activity required to satisfy the first element. Likewise, this conduct was not the type that would warrant a finding that a breach of peace was imminent or the public safety was threatened, which is necessary to prove the second element.
*105 Moreover, the items found in the juvenile’s satchel bag cannot be considered under the facts of this case. Possession of suspicious tools may support a suspicion of imminent criminal activity after the fact, but “the offense of loitering and prowling must be completed prior to any police action.” E.C., 724 So.2d at 1245 (holding the court erred in denying motion for judgment of dismissal because evidence that juvenile and others walked back and forth in front of strip mall eight times at 11:00 p.m. was insufficient to support conviction; noting presence of a 12" screwdriver discovered on juvenile after police stop for loitering and prowling did not give rise to a suspicion of imminent criminal activity) (emphasis added); see also D.S.D. v. State, 997 So.2d 1191, 1194 (Fla. 5th DCA 2008) (pair of gloves found on juvenile did not alter result that officer’s observations were insufficient to demonstrate a threat to public safety or an imminent breach of the peace because found after police action).
For the foregoing reasons, we hold that the State failed to meet its burden with regard to either element of the offense. Accordingly, we reverse the finding of guilt and remand for the trial court to vacate the disposition order.

Reversed and remanded for proceedings consistent with this opinion.

STEVENSON and CONNER, JJ., concur.