FORST, J.
The juvenile defendant (“Defendant”) was adjudicated delinquent on the charge of loitering and prowling. We reverse the adjudication because the State failed to prove the first element required to establish the completed offense of loitering and prowling.
Defendant was spotted in the City of Hollywood around 10:00 in the morning by an off-duty officer from the Hollywood Police Department. This off-duty officer recognized Defendant as a resident of Hallan-dale Beach. Based on this, and the fact that it was a school day, the off-duty officer called the Hollywood Police Department and gave it a description of Defendant and another individual with whom Defendant was walking.
Thereafter, on-duty patrol officers from the City of Hollywood responded to the be-on-the-lookout (“BOLO”) that was dispatched over the radio. Upon arriving to the area, the officers saw individuals matching the BOLO description: “black males both wearing black t-shirts, carrying book bags, walking in the area.”
When the officers stopped their patrol car “just south” of Defendant’s location, Defendant and two other individuals, dropped their backpacks in a bush and attempted to conceal themselves behind a truck. The officers approached the individuals, including Defendant, and placed them under arrest. When asked at trial the basis for the arrest, the arresting officer responded “[i]t was the actions of hiding their backpacks and concealing themselves.”
While the Defendant was under arrest, the officers searched his backpack. Inside the backpack, officers found a four-way lug wrench with a “prying tool” on one end and a flathead screwdriver. As a result, Defendant was initially charged with possession of burglary tools, as well as loitering and prowling. (The possession of burglary tools charge was dropped prior to trial.)
At trial, defense counsel objected to any testimony about what was found in the backpack; this objection was overruled. At the close of the State’s ease, Defendant moved for a judgment of dismissal. Defense counsel argued that the State failed to present a prima facie case that Defendant committed the offense of loitering and prowling because the State failed to establish either element of the offense. In response, the State relied heavily on the items found within Defendant’s backpack to support its position that the facts supported the charge of loitering and prowling. The motion for judgment of dismissal was denied. The defense then rested its case and renewed its motion for judgment of dismissal, which was again denied. Defendant was then adjudicated delinquent on the charge of loitering and prowling.
We first find that the items found in Defendant’s backpack after his arrest should not have been admitted or considered by the trial court because the offense of loitering and prowling must be completed prior to any police action. See E.F. v. State, 110 So.3d 101, 105 (Fla. 4th DCA 2013) (“[T]he offense of loitering and prowling must be completed prior to any police action.”) (quotations and citation omitted); E.C. v. State, 724 So.2d 1243, 1245 (Fla. 4th DCA 1999) (‘We ... recognize that the possession of the twelve-inch screwdriver gives support to a suspicion of imminent criminal activity after the fact. However, the offense of loitering and *468 prowling must be completed prior to any police action.”); D.S.D. v. State, 997 So.2d 1191, 1194 (Fla. 5th DCA 2008) (“Possession of burglary tools may support a suspicion of imminent criminal activity after the fact, but the offense of loitering and prowling must be completed prior to any police action.”); R.D.W. v. State, 659 So.2d 1193, 1194 (Fla. 2d DCA 1995) (“Although a gun was found on one of the boys and R.D.W. told officers that boy was going to do something crazy, the offense of loitering or prowling must be completed prior to any police action.”). Accordingly, the items found in Defendant’s backpack after he was placed under arrest were not relevant to prove the crime charged — namely, loitering and prowling.
“To establish the crime of loitering and prowling, the State must prove [both of] the following two elements: (1) the defendant loitered or prowled ‘in a place, at a time, or in a manner not usual for law-abiding individuals,’ and (2) the loitering was under ‘circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.’ ” E.F., 110 So.3d at 104 (quoting § 856.021, Fla. Stat. (2011)). Both elements of the offense must be committed in the officer’s presence prior to arrest. Id. (quoting J.M.C. v. State, 956 So.2d 1235, 1238 (Fla. 4th DCA 2007)). “Because of the potential for abuse, the loitering and prowling statute must be applied with special care.... [T]he proper application of this statute requires a delicate balancing between the protection of the rights of individuals and the protection of individual citizens from imminent criminal danger to their persons or property.” Jones v. State, 117 So.3d 818, 821 (Fla. 4th DCA 2013) (quoting Mills v. State, 58 So.3d 936, 939 (Fla. 2d DCA 2011)).
The first element of loitering and prowling — that the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals — requires proof that the officer observed “unusual conduct indicating incipient criminal activity.” P.R. v. State, 97 So.3d 980, 983-84 (Fla. 4th DCA 2012). “The idea of this element is ‘suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime.’” E.F., 110 So.3d at 104 (quoting B.J. v. State, 951 So.2d 100, 103 (Fla. 4th DCA 2007)). “A mere ‘vaguely suspicious presence is insufficient’ to satisfy this element.” Id. (quoting P.R., 97 So.3d at 983). Instead, the defendant’s behavior must point “toward an imminent breach of the peace or threat to public safety.” P.R., 97 So.3d at 983 (citing E.C., 724 So.2d at 1244).
We are unable to distinguish this case from M.J. v. State, 121 So.3d 1151 (Fla. 4th DCA 2013). In M.J., the defendant was viewed by an officer who knew him from “prior dealings.” Id. at 1153. The officer observed M.J. in front of a house, in a high crime area of Broward County, and knew M.J. (who was seventeen years old) should have been in school. Id. The deputy made a U-turn in his vehicle to initiate a truancy investigation; but by the time he turned around, he saw M.J. start running and disappear from view. Id. In addressing the first element of the loitering and prowling statute, which requires proof of incipient criminal activity, this court stated:
Deputy Johnson saw M.J. and suspected him of being truant, not of committing a crime. M.J.’s flight after observing the deputy ... did not provide probable cause for a loitering and prowling arrest. Indeed, it may have been quite normal of a truant to flee from law enforcement. All other conduct on which the deputy *469 relied in his decision to arrest M.J. occurred after stopping and detaining M.J. .... There was nothing at the time and place of M.J.’s detention to provide probable cause that any criminal activity had occurred, was occurring, or was about to occur.
Id. at 1155 (emphasis in original).
Nearly the identical facts are present in the instant case. An off-duty officer called in a BOLO because he recognized Defendant as a resident of Hallandale Beach, and knew that Defendant should have been in school. The on-duty officers who responded to the BOLO positioned their patrol cars “just south” of Defendant’s location. Only after Defendant saw the officers did he drop his backpack in some bushes and attempt to conceal himself. As in M.J., this conduct, while supporting a truancy investigation, was insufficient to establish the first element of loitering and prowling. See E.F., 110 So.3d at 104 (“(1) walking slowly while looking into carports and sides of houses in an area where burglaries had occurred, and (2) carrying a large satchel bag along with a yellow flashlight ... was not unusual or indicative of incipient criminal activity.”); P.R., 97 So.3d at 983-84 (“[A]ppel-lant’s act of walking from the bushes and turning around upon seeing the police did not come close to the commission or attempted commission of a crime.”); Mills, 58 So.3d at 940 (“Mills’ [sic] conduct of walking out from behind a closed business [at 12:30 a.m. in a high-crime area, which had recently been hit with a series of smash-and-grab burglaries], turning around when he saw officers, and walking back behind the closed business did not come close to the actual commission or attempted commission of a substantive crime.”).
In this case, the conduct observed by officers prior to Defendant reacting to the officers’ presence, while perhaps indicative of a truancy situation, did not rise to the level of “suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime.” See E.F., 110 So.3d at 104 (internal quotation omitted). As noted in M.J., truancy is not a crime. M.J., 121 So.3d at 1154 (citing C.G. v. State, 689 So.2d 1246, 1247 (Fla. 4th DCA 1997)). Defendant’s behavior in this case did not point “toward an imminent breach of the peace or threat to public safety.” See P.R., 97 So.3d at 983. If anything, Defendant’s presence in a city where he was not known to live, wearing a black shirt and carrying a backpack on a school day at 10:00 a.m., is nothing more than “[a] mere ‘vaguely suspicious presence [which] is insufficient’ ” to satisfy the first element of loitering and prowling. E.F., 110 So.3d at 104 (quoting P.R., 97 So.3d at 983).
The State argues that the first element was met once officers saw Defendant attempt to conceal himself and his backpack. These circumstances, however, are to be considered when determining whether the State established the second element of the offense — the “alarm or immediate concern” element. M.J., 121 So.3d at 1154-55 (“When a person takes ‘flight upon appearance of a law enforcement officer’ or ‘manifestly endeavors to conceal himself or herself or any object,’ this is a circumstance for consideration in determining the alarm or immediate concern element.”) (quoting § 856.021(2), Fla. Stat. (2012)) (emphasis added).
In light of our finding that the State failed to prove the first element of the offense occurred in the officers’ presence, we need not address whether the State established the second element. See E.F, 110 So.3d at 104 (“[B]oth elements of the offense must be committed in the officer’s presence prior to arrest.”). Because the *470 State failed to establish the first element of loitering and prowling, we reverse Defendant’s adjudication of delinquency and direct the court to dismiss the delinquency petition on remand.
WARNER and KLINGENSMITH, JJ., concur.