DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**J.S.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-973

[September 10, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case No. 1200005715DL00A.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant, a child, appeals the trial court's final disposition finding him guilty of loitering and prowling. Appellant argues that the trial court erred in denying his motion for judgment of dismissal because the State failed to present a prima facie case of the elements of the offense. We agree and reverse.

**Background**

A law enforcement officer was responding to a report of a "burglary in progress" at 4:00 in the morning in a residential neighborhood when he came upon Appellant walking in the area. Appellant was the only person noticed by the officer in this area. He pulled up next to Appellant in a marked police vehicle while he was in full police uniform. The officer stopped his vehicle, exited, and said, "Police stop," because Appellant was in the area where the crime was committed and matched the description

in the BOLO[1] for the burglary (black male wearing a red shirt). Appellant made eye contact with the officer then took off running. The officer chased Appellant but eventually lost sight of him.

After running from multiple officers, Appellant was found hiding behind an air conditioning unit in the bushes behind a building. An officer observed Appellant removing his shirt in an effort to conceal himself. Appellant was arrested and taken into custody. At the time of his arrest, Appellant explained that he did not live in the immediate area but he was on his way home from his girlfriend's house.

The State charged Appellant with loitering and prowling. At trial, Appellant moved for judgment of dismissal, arguing that it is not unusual for a person to be walking down the street in a red shirt in a residential area at this time of day and that the alleged crime ("loitering and prowling") was not completed when the officers came upon Appellant. The trial court denied the motion, as well as Appellant's renewed motion at the end of his case. Ultimately, Appellant was found guilty of loitering and prowling. This appeal followed.

### The State has not established both elements of the test for establishing loitering and prowling.

We review a motion for judgment of dismissal de novo. *A.W. v. State*, 82 So. 3d 1136, 1138 (Fla. 4th DCA 2012). A motion for judgment of dismissal must be granted if the evidence, viewed in the light most favorable to the State, does not support a conviction. *Id.*

The offense of loitering and prowling consists of two elements: "(1) the defendant loitered or prowled 'in a place, at a time, or in manner not usual for law-abiding individuals,' and (2) the loitering was under 'circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.'" *E.F. v. State*, 110 So. 3d 101, 104 (Fla. 4th DCA 2013) (quoting § 856.021, Fla. Stat. (2011)).

The first element is proven when the State establishes that "the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to the time, place, or manner of the conduct involved." *Id.* (quoting *E.C. v. State*, 724 So. 2d 1243, 1244 (Fla. 4th DCA 1999)); *see also P.R. v. State*, 97 So. 3d 980, 983-84 (Fla. 4th DCA 2012) (holding that the first element of loitering and prowling requires proof that the officer observed "unusual conduct indicating incipient criminal

[1] BOLO is the acronym for "Be on the Lookout."

activity"); *V.E. v. State*, 539 So. 2d 1170, 1171 (Fla. 3d DCA 1989) ("This element has been read to require a threat of immediate, *future* criminal activity.") (emphasis added). "A mere vaguely suspicious presence is insufficient to satisfy this element." *E.F.*, 110 So. 3d at 104 (internal quotations and citation omitted). The idea is that the defendant engaged in "suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime." *Id.* (quoting *B.J. v. State*, 951 So. 2d 100, 103 (Fla. 4th DCA 2007)); *see also P.R.*, 97 So. 3d at 983 ("Rather, the defendant's behavior must point toward an imminent breach of the peace or threat to public safety.") (internal quotations and citation omitted).

In the instant case, the facts do not indicate "incipient behavior" pointing towards the threat of an *immediate, future* crime; rather, the fact that Appellant was walking early in the morning with no one else around is "[a] mere vaguely suspicious presence." *E.F.*, 110 So. 3d at 104; *V.E.*, 539 So. 2d at 1171. Although Appellant matched the description of the BOLO for the earlier burglary and was in the same area, no testimony was presented to indicate that Appellant was there to commit *another* burglary[2] or some other offense or was otherwise threatening public safety.

Because it is clear that the State failed to present sufficient evidence to satisfy the first element of the offense, we need not address the sufficiency of the evidence as to the second element. Where sufficient evidence was not presented to prove a prima facie case for loitering and prowling, denying Appellant's motion for judgment of dismissal was improper. We therefore reverse the final disposition encompassing a finding of guilt and adjudication of delinquency as to the loitering and prowling charge.

*Reversed.*

STEVENSON and CIKLIN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2] The issue of whether the police had reasonable suspicion to detain and question Appellant regarding the recent reported burglary is not at issue in this appeal, which involves only the separate and specific charge of loitering and prowling.