IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

D. J. E., a child,

     Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-1659

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed October 20, 2015.

An appeal from the Circuit Court for Duval County.
Henry E. Davis, Judge.

Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     D.J.E. was found guilty of loitering and prowling and resisting an officer without violence. The trial court withheld adjudication and placed D.J.E. on

probation. On appeal, he argues the trial court should have granted his motion for judgment of dismissal on both counts. We find that the State presented sufficient evidence to support the resisting an officer without violence charge, and affirm the disposition order as to that count without further comment. With regard to the loitering and prowling charge, we agree with Appellant and reverse.

On November 21, 2014, at approximately 3:30 in the afternoon, police targeted Sofia Apartment Complex as part of the Community Problem Response Team initiative to reduce criminal activity in high-crime areas. As police drove up to the complex, a group of approximately four or five young men dispersed. Appellant walked quickly upstairs to an apartment on the second floor. According to testimony, he was "hunched over behind [] the flooring and railing," perhaps in an attempt to conceal himself from police.

Sergeant Berreira and Officer Helms approached Appellant and asked him what he was doing. He stated he stayed "here," indicating a specific apartment. Due to prior experience with the tenant in this apartment, Sergeant Berreira did not believe Appellant.[1] The police asked Appellant to come downstairs; Appellant complied. When police asked Appellant for his name, he replied with profanities. Police continued to ask questions, but Appellant was uncooperative. Berreira

[1] Sergeant Berreira knew from prior experience that a young woman and her child lived in the apartment. At the adjudicatory hearing, Appellant's sister testified that she lived in the apartment and that she had expected her brother to visit that afternoon on the day of the incident.

placed Appellant under arrest for loitering and prowling. When the police attempted to search Appellant, he stiffened his arms.

In the patrol car, Appellant informed Officer Helms that he was at the apartment complex to pick up sugar from his sister, a tenant at the complex. Officer Helms asked for Appellant's sister's name and apartment number, but Appellant refused to answer. Helms explained that the police were trying to verify his story. He went on to explain that the apartment complex was a crime free multi-housing apartment complex and that Appellant's sister could be evicted for violation of her lease if she facilitated criminal activity. Appellant responded that he would not give them her name because he did not want to get her in trouble. Officer Helms ran a utility records check and could not find anyone with Appellant's last name in the complex.

To prove loitering and prowling under section 856.021, Florida Statutes, the State must show: 1) the defendant loitered or prowled in "a place, at a time or in a manner not usual for law-abiding individuals;" and 2) such loitering and prowling were "under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." This alarm is presumed "if the defendant flees, conceals himself or any object, or refuses to identify himself when law enforcement appears." *B.J. v. State*, 951 So. 2d 100, 102 (Fla. 4th DCA 2007). The statute further provides that, prior to arrest, police must

3

provide a defendant with an opportunity to dispel any alarm by identifying himself and explaining the questionable conduct. *See State v. Ecker*, 311 So. 2d 104, 110 (Fla. 1975). The failure to provide identification or an explanation to police are not elements of loitering and prowling. *See W.D. v. State*, 132 So. 3d 871 (Fla. 2d DCA 2014).

To prove the first element, the State must establish that "the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to the time, place, or manner of the conduct involved." *E.C. v. State*, 724 So. 2d 1243, 1244 (Fla. 4th DCA 1999*).* "A mere vaguely suspicious presence is insufficient to satisfy this element." *E.F. v. State*, 110 So. 3d 101, 104 (Fla. 4th DCA 2012) (internal quotations and citation omitted). In other words, the defendant must engage in "aberrant and suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime." *B.J. v. State*, 951 So. 2d 100, 103 (Fla. 4th DCA 2007) (*quoting D.A. v. State*, 471 So. 2d 147, 151 (Fla. 3d DCA 1985))(finding "incipient criminal behavior" where appellant was hiding at 1:30 a.m. in the back of a pick-up truck near a closed business that was the subject of a burglary call); *but see J.S. v. State*, 147 So. 3d 608 (Fla. 4th DCA 2014) (finding there was merely a "vaguely suspicious presence" where defendant was walking in a neighborhood at 4:00 a.m.;

carrying a book bag and flashlight; there was a BOLO due to a burglary; and defendant ran away from police).

Appellant's conduct did not rise to the level of "incipient criminal behavior." *D.A.*, at 151. Congregating in a high-crime area at 3:30 in the afternoon and then dispersing at the sight of police is "vaguely suspicious" conduct. *See State v. Freeman*, 542 So. 2d 483 (Fla. 2d DCA 1989) (holding insufficient evidence to prove loitering where defendant was part of a group that dispersed at the sight of law enforcement and the group was congregated in a high-crime area). Accordingly, the evidence did not support an adjudication for loitering and prowling under section 856.021, Florida Statutes.

Because the State failed to present sufficient evidence to satisfy the first element of the offense, we need not address the sufficiency of the evidence as to the second element. We reverse the final disposition order as to the loitering and prowling charge entered against Appellant and remand for entry of a judgment of dismissal.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF, BILBREY, and WINOKUR, JJ., CONCUR.