DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.M.B.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D17-394, 4D17-395, 4D17-397, 4D17-398, 4D17-399, 4D17-400
and 4D17-433

[ July 11, 2018 ]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case Nos. 502015CJ002140A, 15CJ002507AMB, 15C002611AMB, 15CJ002612AMB, 15CJ002613AMB, 15CJ002654AMB and 15CJ002655AMB.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

D.M.B. appeals his adjudication of delinquency and commitment to a non-secure residential program based on a violation of probation. Appellant argues that the trial court erroneously found that he violated probation in seven consolidated cases by committing a new law violation: loitering or prowling. We agree and reverse.

In April 2016, appellant was charged by petition with loitering or prowling under section 856.021, Florida Statutes (2016). In the affidavit of violation of probation, the state alleged that appellant: (1) committed a new law violation; (2) failed to complete his community service; (3) failed to complete substance abuse counseling; (4) violated his curfew; (5) failed a drug test; and (6) failed to attend school full-time without unexcused absences, skips, tardies, discipline referrals, or suspensions. During the final probation violation hearing, which was combined with the non-jury

trial on the loitering or prowling charge, the state abandoned all other allegations of probation violation and proceeded only on the loitering or prowling charge.

The state's evidence established the following facts. On April 25, 2016, shortly before noon, West Palm Beach police responded to calls of a burglary in progress and several juveniles fleeing the area at Lakes of Laguna, a residential housing development. Multiple officers responded to the scene. A witness pointed one officer toward a juvenile who was running north. Another officer observed a group of juveniles running away from the police and pursued two of them. A canine officer and his police dog tracked six of the juveniles, including appellant, to a wooded area along a canal. One of the juveniles was attempting to cross the canal. However, when the canine officer announced that he had a police dog, who was barking at the time, the juveniles stopped and raised their hands. Officers then escorted the juveniles from the wooded area and took them into custody.

After appellant was arrested, he was interviewed by a detective, who read appellant his *Miranda* rights. Appellant told the detective he did not know anything about a burglary because he had left Palm Beach Lakes High School to go to McDonald's with his friends. He admitted that he ran when the police arrived at Lakes of Laguna, but explained that he ran because he was on probation and believed he was trespassing on the property. Although police recovered some property from the burglary, appellant was not charged with that offense. Instead, the state charged him with loitering or prowling.

At the close of the state's case-in-chief, appellant moved for a judgment of dismissal, arguing that the state had failed to prove a prima facie case of loitering or prowling because his alleged behavior at the canal was innocuous. The court denied the motion. Appellant did not present a case but renewed his motion for judgment of dismissal. The court dismissed the substantive offense, finding that the description of appellant's conduct at the time of the stop fell "[woefully] short" of facts needed to support the offense of loitering or prowling. However, the court found that, based on appellant's conduct at the time of the stop and his admission to trespassing, the evidence supported finding a violation of probation by the lower preponderance of the evidence standard in violation of probation cases. The court also found that appellant's statements did not allay the fears of the officer at the time because appellant admitted to another crime. The court adjudicated appellant delinquent in the violation of probation cases, based on the loitering or prowling offense.

2

On appeal, appellant argues that the evidence was insufficient to establish that he committed the new crime of loitering or prowling, even using the lower preponderance standard. He contends that his belief that he had been trespassing was not sufficient to constitute an "admission" to the crime of trespass. The state argues that the evidence supported the finding of a violation by establishing that appellant: (1) fled from the area of the burglarized home as the police arrived; (2) admitted to truancy and trespassing; (3) admitted to accompanying juveniles involved in the burglary; (4) failed to give the detective a good reason for his presence at the burglarized home; (5) hid in a dense wooded area inaccessible to the public; and (6) admitted he knew that he was in violation of his probation by being near the scene of the residential burglary.

We review a trial court's decision on a motion for judgment of dismissal de novo. *A.W. v. State,* 82 So. 3d 1136, 1138 (Fla. 4th DCA 2012). A violation of probation based on a new law violation requires proof by a preponderance of the evidence that the defendant committed the charged offense. *Jones v. State,* 117 So. 3d 818, 821 (Fla. 4th DCA 2013). We review de novo whether competent substantial evidence supports such a finding. *Id.*

To prove the crime of loitering or prowling, the state must establish: "(1) the defendant loitered or prowled 'in a place, at a time, or in a manner not usual for law-abiding individuals,' and (2) the loitering was under 'circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.' " *E.F. v. State,* 110 So. 3d 101, 104 (Fla. 4th DCA 2013) (quoting § 856.021, Fla. Stat. (2011)). Both elements must be committed in the officer's presence prior to the defendant's arrest. *E.F.,* 110 So. 3d at 104.

The first element requires the state to prove that "the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to the time, place, or manner of the conduct involved." *E.C. v. State,* 724 So. 2d 1243, 1244 (Fla. 4th DCA 1999) (citation omitted). In other words, the defendant must be engaged in "aberrant and suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime." *B.J. v. State,* 951 So. 2d 100, 103 (Fla. 4th DCA 2007) (quoting *D.A. v. State,* 471 So. 2d 147, 151 (Fla. 3d DCA 1985)). "A mere 'vaguely suspicious presence is insufficient' to satisfy this element." *E.F.,* 110 So. 3d at 104 (quoting *P.R. v. State,* 97 So. 3d 980, 983 (Fla. 4th DCA 2012)). Instead, "[t]his element has been read to require a threat of immediate, future criminal activity." *V.E. v. State,* 539 So. 2d 1170, 1171 (Fla. 3d DCA 1989). In this respect, "the statute is forward-looking, rather than

backward-looking in nature," as its goal "is to punish a certain type of incipient criminal behavior before it ripens into the commission or attempted commission of a substantive criminal act." *D.A.*, 471 So. 2d at 151.

The second element of the loitering or prowling statute is established where the arresting officer articulates "specific facts which, when 'taken together with rational inferences from those facts, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened.' " *G.G. v. State*, 903 So. 2d 1031, 1033 (Fla. 4th DCA 2005) (citations omitted). To this end, a court may consider "whether the person takes flight, refuses to identify himself, or attempts to conceal himself or an object." *Id.* However, "flight alone is insufficient to satisfy the elements of loitering and prowling." *P.R.*, 97 So. 3d at 983.

In *J.S. v. State*, 147 So. 3d 608 (Fla. 4th DCA 2014), we considered a similar set of facts. There, a law enforcement officer responded to reports of a burglary in progress in a residential neighborhood at 4:00 in the morning. *Id.* at 609. The officer found the defendant walking in the area and drove up next to him. After stopping and exiting his marked police vehicle, the officer identified himself as a police officer and told the defendant to "stop," because the defendant matched the description of the burglary suspect—a black male wearing a red shirt. *Id.* The defendant made eye contact with the officer and then took off running. *Id.* Officers found the defendant hiding behind an air conditioning unit in the bushes behind a building, and one officer observed him remove his shirt in an effort to conceal himself. *Id.*

The defendant was charged with loitering and prowling. *J.S.* He unsuccessfully moved for a judgment of dismissal at trial, arguing that it was not unusual for a person to walk down the street in a red shirt in a residential area at that time of day and that the alleged crime was not completed when the officers found him. *Id.* at 609–10. On appeal, we reversed and held that the state's evidence failed to indicate "incipient behavior" that pointed toward "the threat of an *immediate, future* crime." *Id.* at 610 (emphasis in original). Instead, the evidence demonstrated only "a mere vaguely suspicious presence." *Id.*

The facts in this case, as in *J.S.*, also require reversal. The evidence adduced below was insufficient to establish—even under the preponderance of the evidence standard—that appellant's actions rose to the level of incipient behavior pointing toward the threat of an immediate future crime. When the police located appellant, he was not engaged in conduct that came close to, but fell short of, the actual or attempted

4

commission of the burglary. In fact, the burglary had already taken place and the juveniles were fleeing when police arrived at the scene. There was no threat of an immediate, *future* crime. At most, appellant's presence and conduct were "vaguely suspicious." *E.F.,* 110 So.3d at 104. When officers found him, appellant was not involved in behavior that officers wanted to prevent from ripening into a substantive offense. Instead, he was detained on suspicion of having already committed a criminal offense. We therefore reverse appellant's delinquency adjudication based on the loitering or prowling charge and the order committing appellant to a non-secure residential facility.

*Reversed.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***